Philadelphia Redevelopment Authority Appeal.

Argued October 9, 1963. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*C. Laurence Cushmore, Jr.,* with him *Michael H. Malin, Joseph D. Morelli,* and *White & Williams,* for appellant.

*Edward L. Snitzer,* with him *Stanley E. Gordon* and *Milton C. Sharp,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 7, 1964:

We here consider the refusal of the court below to quash an appeal brought to it by the Redevelopment Authority of the City of Philadelphia from the award of the board of view in an eminent domain proceeding.

The property in issue, located in the Eastwick section of Philadelphia, was owned by appellant, Joseph Pacifico. Two tenants occupied the property, the American Oil Company which operated a gasoline station thereon, and Aero Diner Inc., which operated an adjacent diner. In 1958, the redevelopment authority, in pursuance to an overall plan of redevelopment in the Eastwick section, took this property under its power of eminent domain. A board of view was appointed to assess the damages sustained by the owner and the tenants by virtue of the taking. The board of view made an overall assessment of the loss incurred and allocated such damages between Pacifico and the Oil Company. No damages were apportioned to Aero Diner.

Appellee took an appeal to the Court of Common Pleas No. 3 of Philadelphia County, alleging that the award was excessive and unreasonable, and did not represent the fair market value of the plot taken. Appellant filed a motion to quash the appeal on the ground that a separate appeal should have been taken from each of the allocated awards. The court below denied the motion and Pacifico appealed to this Court.[1]

---

[1] Appellee moves to quash the appeal to this Court on the ground that it is taken from an unappealable interlocutory order. It is well settled that interlocutory determinations are not appealable unless specifically made so by statute. *Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 317, 318, 95 A. 2d 776 (1953). Appellant argues that the Act of March 5, 1925, P. L. 23, 12 P.S. §672 (1953), providing that interlocutory orders as to jurisdiction are appealable is applicable under the circumstances here present. Appellee contends that the proper number of appeals to be taken does not go to the jurisdiction of the court below within the meaning of the

The principal question for our determination is whether, under the circumstances of this case, a single appeal from the awards of the board of view to the court of common pleas was proper.[2] The legislatively prescribed procedure here applicable and followed by the board of view inescapably leads to the conclusion that the appeal to the court below was properly taken. The Act of July 1, 1937, P. L. 2667, No. 528, 26 P.S. §44 (1958) provides: "In all cases arising from the taking, injury, or destruction of private property under the right of eminent domain, where the owner or owners of the fee and any lessee or lessees under such owner or owners shall be claimants for damages, all such claims shall be heard or tried together; and there shall be awards by a board of view or verdicts by the jury on appeals, which shall fix, first, the total amount of damage to the property in question, and second, the apportionment, distribution, or division of the total damages so awarded between or among the several claimants therefor."

statute. We cannot agree. In *Miles v. Masters*, 374 Pa. 127, 97 A. 2d 36 (1953), we held that an order of a court of common pleas refusing to quash an appeal from an order of the Workmen's Compensation Board for failure to file timely exceptions is a jurisdictional determination and therefore appealable under the Act of 1925. We cannot distinguish the case at bar. The question before us in *Miles* was whether an appeal from an administrative body was properly taken. We are here faced with the same question. The rule in *Miles* is therefore entirely applicable and the motion to quash is denied.

[2] The total award of the board of view from which the authority appealed was substantially below the sum of the separate awards. Pacifico urged as a second ground for his motion to quash that appeal that the appellee had appealed from an award that had never been made. The court below permitted the correction of the total award. Appellant asserts that this was improper. There is nothing on the record to indicate that the error of the board of view was anything other than a mathematical one. The court below therefore acted well within its discretion in allowing the correction.

This statute prevents the separate determination of the owner's and tenant's claim for damages, the purpose being to maximize the fairness and accuracy of the total award and the apportionment thereof. Since the statute requires that the claims of both interests be tried together, both before the board of view and the court of common pleas, there is no apparent reason why separate appeals are necessary to make the viewer's awards reviewable by common pleas. If separate appeals were taken, compliance with the statutory mandate would necessitate their consolidation for trial. See Goodrich-Amram, 14 Standard Pennsylvania Practice §161 (1939) and cases cited therein. See also *Comly v. Philadelphia,* 153 Pa. Superior Ct. 539, 35 A. 2d 85 (1943). The taking of one appeal to a court of common pleas from awards of a board of view for damages sustained by an owner and lessees of the same property is the proper procedure. The order of the court below is therefore affirmed.

Order affirmed.