Miller Estate, Appellant, *v.* Department of Highways.

Argued January 17, 1967. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Basil C. Clare,* for appellant.

*Jay R. Braderman,* Assistant Attorney General, with him *M. David Halpern,* Assistant Attorney General, *John R. Rezzolla,* Chief Counsel, Department of Highways, and *Edward Friedman,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, March 14, 1967:

The Commonwealth of Pennsylvania, Department of Highways, effected a condemnation of certain property of the Estate of Samuel D. Miller, (condemnee),

in Delaware County.[1] On October 13, 1965, on petition of the Commonwealth, the Court of Common Pleas of Delaware County appointed a board of view, (Board). After hearing, the Board filed its report on May 3, 1966, wherein it awarded the condemnee damages of $70,500. On May 31, 1966, the Commonwealth filed an appeal to the Court of Common Pleas of Delaware County.

The condemnee then filed preliminary objections to the Commonwealth's appeal on three grounds: (1) that, because the appeal failed to raise any objections to the law or facts upon which the Board's report was predicated, the appeal violated Article V, §515 of the Code;[2] (2) that a copy of the appeal was not properly served within five days after filing the appeal; (3) that a proof of service of a copy of the appeal was not properly filed. The court below overruled the preliminary objections. From its order the condemnee has appealed.

Initially, we must consider the Commonwealth's motion to quash this appeal. Section 517 of the Code[3] provides that: "A decree [of the court] confirming, modifying or changing the report [of the viewers] shall constitute a final order." It is obvious that the order in the case at bar did not confirm, modify or change the report of the Board; therefore, §517 does not apply. Section 523 of the Code[4] provides that: "Either party may appeal to the Supreme or Superior Court, as the case may be, from any *final* order or judgment of the court of common pleas within forty-five days from the entry thereof." (Emphasis added).

---

[1] The proceedings are under the Eminent Domain Code of 1964 (Code), Act of June 22, 1964, P. L. 84, art. I, §101 et seq., 26 P.S. §1-101 et seq.

[2] Article V, §515 of the Code, supra, 26 P.S. §1-515.

[3] Article V, §517 of the Code, supra, 26 P.S. §1-517.

[4] Article V, §523 of the Code, supra, 26 P.S. §1-523.

Clearly, the instant order is not a *final* order within the contemplation of §523. Not being a final order, in the absence of a statute allowing an appeal from such an order, ordinarily an appeal would not lie. *Branna Construction Corp. v. West Allegheny Joint School Authority,* 414 Pa. 251, 199 A. 2d 414 (1964); *Reading Company v. Willow Development Co.,* 407 Pa. 469, 181 A. 2d 288 (1962). An order dismissing preliminary objections is an interlocutory order from which no statute provides an appeal: *Mass. Bonding & Insurance Co. v. Johnston & Harder, Inc.,* 330 Pa. 336, 199 A. 216 (1938); *East & West Coast Service Corp. v. Papahagis,* 340 Pa. 575, 17 A. 2d 873 (1941).

However, the condemnee urges that this appeal lies under the Act of March 5, 1925, P.L. 23, 12 P.S. §672 which provides that orders which involve questions of jurisdiction, even though interlocutory, are appealable.[5] The thrust of the condemnee's argument is that the question of whether an appeal has been properly taken from the Board to the common pleas court involves an issue of jurisdiction. In *Philadelphia Redevelopment Authority Appeal,* 413 Pa. 339, 196 A. 2d 376 (1964), the Authority had appealed to the common pleas court from an award of a board of view which made an "overall assessment of the loss incurred" and allocated the damages between the landowner and one of his tenants; the Authority took only one appeal to the common pleas court and a motion to quash that appeal was filed which alleged that separate appeals should have been taken from each award; from the refusal of the court below to quash the appeal, an appeal was taken to this Court under the Act of 1925, supra. Relying on *Miles v. Masters,* 374 Pa. 127, 97 A. 2d 36 (1953), we held that whether an appeal from viewers

---

[5] The instant appeal was taken *and* perfected within the fifteen day period provided by the statute. See: *Goldstein v. Stadler,* 417 Pa. 589, 592, 208 A. 2d 850 (1965).

to the common pleas court has been *properly* taken raises a jurisdictional question and that an order refusing to quash such an appeal is an appealable order. Cf. also: *Jones v. Tatham,* 20 Pa. 398 (1853); *Oak Grove Water Company v. Thompson,* 235 Pa. 486, 84 A. 502 (1912); *In re Bond of Equitable Gas Company,* 72 Pa. Superior Ct. 371 (1919); *Seligsohn Appeal,* 410 Pa. 270, 276, 277, 189 A. 2d 746 (1963).[6] The condemnee's position that the jurisdiction of the common pleas court depended on a compliance with the appeal procedure provided by the Code is well taken; if the Commonwealth, as condemnee contended in its preliminary objections, did not comply with the preliminary steps required by the Code to effect an appeal to the common pleas court such failure would go to the jurisdiction of the court. The order of the court below, even though interlocutory, is appealable under the Act of 1925, supra, and the motion to quash the instant appeal must be denied.

The condemnee raises four issues on this appeal: (1) that, since the Commonwealth did not file proof of service of the appeal within thirty days of the filing of the report of the Board, the appeal was not perfected timely; (2) the Commonwealth appeal was defective in that the Commonwealth failed to serve a copy of the appeal on the parties within five days after filing the appeal; (3) the Commonwealth's proof of service failed to comply with the Code; (4) that the Commonwealth's appeal was defective in that the appeal did not raise any objection to the Board's report, either as to the law or as to the facts.

Section 515 of the Code provides, inter alia: "any party aggrieved by the decision of the viewers may

---

[6] *Connellsville and State Line Railway Company v. Cooper,* 77 Pa. Superior Ct. 45 (1921), upon which the Commonwealth relies, is not controlling.

appeal to the court of common pleas within thirty days from the filing of the [Board's] report." The Commonwealth did file its appeal within thirty days, did serve a copy of the appeal upon condemnee's counsel within five days of filing the appeal and, twenty-four days after the thirty day appeal period had expired, did file proof of service of a copy of the appeal. It is condemnee's position that, under §515, the filing of the appeal, the service of notice and the filing of the proof of service of notice must all be done within thirty days. Condemnee's construction of §515 is erroneous. All that is required under §515 is that the appeal itself be filed within the thirty day period. Had the statute required that the appeal be filed *and* perfected within the thirty day period, as does for instance the Act of March 5, 1925, P.L. 23, §1, 12 P.S. §672, then condemnee's position would have validity. See: *Goldstein v. Stadler,* 417 Pa. 589, 592, 208 A. 2d 850 (1965). Section 515 does not require that the appeal be both filed and perfected within the thirty day period.

Section 516 (b) (26 P.S. §1-516 (b)) provides that a copy of the appeal be served within five days after the appeal is filed. Nothing therein provides that service of such copy be made within the thirty day period. Section 516 (b) also provides that proof of service of a copy of the appeal shall be filed but it does not provide that such shall be filed within the thirty day period. In the absence of a time requirement for the filing of proof of service of the copy of the appeal, such filing must be accomplished within a reasonable time subsequent to the filing of the appeal. See: *Donley v. Semans,* 260 Pa. 88, 103 A. 537 (1918); *Real Estate and Mortgage Co. v. Duquesne Light Co.,* 99 Pa. Superior Ct. 222 (1930). The service of a copy of the appeal in the case at bar was within the five day period mandated by §516 (b) and the filing of proof of service of such copy of the appeal was ac-

complished within twenty-four days which was not an unreasonable length of time under the circumstances. This contention of the condemnee lacks merit.

The condemnee next urges that the appeal was defective because a copy of the appeal, although served within five days of the filing of the appeal, was served upon condemnee's counsel who had represented condemnee throughout the proceedings. Rule 1027, Pa. R.C.P. provides for service of pleadings other than a complaint ". . . by leaving a copy for or mailing a copy to [the party] at the . . . address of the party's attorney of record, . . .". We agree fully with the court below: "We feel that an attorney who has entered an appearance is in fact the representative of his client for the purpose of receiving service of notice of an appeal." A copy of the appeal in this case was properly served.

Condemnee's next contention is frivolous. Section 516, sub-section (b) provides: "proof of service of a copy of the appeal shall be filed by the appellant." Condemnee's objection that the Commonwealth's affidavit "that he caused to be sent" to the condemnee's attorney a copy of the appeal and that such affidavit was not in strict compliance with the Code lacks any validity.

Lastly, the condemnee urges that, since the appeal failed to raise any objection to the Board's findings of law or facts, the appeal is defective. Section 515 of the Code provides that the appeal shall raise all questions of law or facts to the Board's report. This provision was inserted in the Code to obviate the pre-Code confusion between exceptions and appeals. We do not read §515 as requiring an appellant to *specifically* object to the award of the Board. Section 516 of the Code supports this position. Section 516 provides, inter alia: "(a) the appeal shall set forth: . . . (4) objections, *if any,* to the viewers' report, *other*

*than to the amount of the award."* (Emphasis supplied).
Where the only issue is the amount of damages awarded
by the Board in its report, the appeal need not set
forth objections to findings of law or facts. See also:
§517 of the Code: "It should be noted that the Eminent
Domain Code contains no specific requirement that the
appeal set forth an objection to the amount of the
award, although . . . the appeal is required to set forth
a demand for jury trial, if desired. If such a demand
is set forth, the appeal will, without more, give notice
that an objection to the amount of the award is relied
on because, under the Code, an objection to the amount
of the award gives rise to the right to a jury trial.":
14 Standard Pennsylvania Practice, p. 549.

We are satisfied from an examination of this record
and the pertinent provisions of the Code that the appeal
filed by the Commonwealth from the report of the
Board was properly taken.

Order affirmed.