Langhorne Spring Water Company Appeal.

Argued November 17, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*William H. Rivoir, Jr.,* for appellant.

*Robert L. White,* for appellee.

OPINION BY MR. JUSTICE JONES, March 20, 1970:

The Commonwealth of Pennsylvania, acting through the Department of Highways, condemned certain parcels of land of the Langhorne Spring Water Company [Water Company], Middletown Township, Bucks County, as of May 14, 1963, revised July 13, 1964. The Court of Common Pleas of Bucks County, on January 30, 1967, appointed a board of view, which, after hearing, made an award to the Water Company in the amount of $81,668.00, the report of the board of view being filed on March 5, 1968. On March 28, 1968—twenty-three days after the filing of the award of the board of view—the Commonwealth, acting through the Department of Highways, filed an appeal in the Court of Common Pleas of Bucks County.[1]

By a letter dated April 4, 1968—seven days after filing the appeal—the Commonwealth gave notice to the Water Company's lawyer of the appeal.[2]

---

[1] This appeal was timely filed within the thirty-day period prescribed by the Eminent Domain Code (Act of June 22, 1964 (Spec. Sess.), P. L. 84, Art. V, §515, 26 P.S. §1-515).

[2] The letter was postmarked April 5, arrived at West Chester April 6, and was delivered to the office of the Water Company's attorney on April 6, at the earliest, or Monday April 8, at the

The Water Company filed preliminary objections in the nature of a petition raising the question of jurisdiction and a motion to quash or strike off the appeal on May 29, 1968.[3] The preliminary objections and the motion to quash were based on two reasons: 1. a copy of the appeal was not served on the appellee within five days after the date of filing the appeal, as provided by Article V, §516(b) of the Eminent Domain Code, supra; 2. no proof of service of a copy of the appeal had been filed.[4]

Initially, it must be noted that the appeal of the Commonwealth from the board of view to the Court of Common Pleas was *filed* in strict accordance with Section 515 of the Eminent Domain Code, supra, 26 P.S. §1-515. See: *Miller Estate v. Department of Highways,* 424 Pa. 477, 481-82, 227 A. 2d 679 (1967).

The court below, by its order, dismissed the Water Company's preliminary objections, holding that the provisions of Section 516(b) of the Eminent Domain Code (26 P.S. §1-516(b)) were directory as to time and not mandatory.[5] Section 516(b), provides: "The appellant shall serve a copy of the appeal on all other parties within five days after filing the same. Proof of service of a copy of the appeal shall be filed by the appellant." From the order dismissing the Water

---

latest. Proof of service of the copy of the appeal was not filed until January 22, 1969.

[3] These preliminary objections and motion to quash were filed over two and one-half months after the appeal was filed.

[4] Actually, no proof of service of the copy of the appeal had been filed up until the argument in the court below, to wit, January 20, 1969, at which time the court below gave leave to the Commonwealth to file its affidavit of service *nunc pro tunc,* which it did on January 22, 1969.

[5] The same court had held likewise in *Metropolitan Edison v. Wurm,* 17 Bucks Co. L. Rep. 534 (1968). A contrary position was taken in *Barr Condemnation Appeal,* 60 Lanc. L. Rev. 155 (1966).

Company's preliminary objections the instant appeal stems.

The Water Company's first contention is that a copy of the Commowealth's appeal should have been served within five days after the appeal was filed and that Section 516(b) of the Eminent Domain Code, *supra*, is mandatory and not directory as to the time of serving the copy of the appeal.

Factually, the record reveals that the Commonwealth's counsel sent a letter, giving notice of the filing of the appeal,[6] dated April 4, 1968, postmarked April 5, 1968, and it reached West Chester, the address of the Water Company's counsel, on April 6, 1968, the latter being a Saturday. The record also reveals that this letter was received not earlier than April 6 nor later than Monday, April 8. Although the record indicates that this letter—sent by certified mail, return receipt requested—bore the notation on the envelope thereof, "Notified April 6, 1968," the notice was given not less than nine days and not more than eleven days after filing the appeal.

Section 516(b) does not require that a copy of the appeal be filed or that an affidavit of service of such copy be filed within the thirty-day period. See: *Miller, supra*, 424 Pa. at 482. Our examination of Section 516(b) indicates that it was the legislative intent that a copy of the appeal be served within a reasonable time after filing of the appeal and that the five-day provision is directory and not mandatory in nature.[7]

---

[6] The record indicates that the report of the board of view had been filed February 13, 1968, whereas it was actually filed March 5, 1968. Moreover, the board of view, in its notice to the parties, stated that its report would be filed on February 27, 1968, but it was not filed until March 5, 1968.

[7] In *Miller, supra*, 424 Pa. at 482, we said: "The service of a copy of the appeal in the case at bar was within the five day period *mandated* by §516(b). . . ." (Emphasis added) In *Miller*,

Service of notice that an appeal had been taken was timely under Section 516(b). Nothing therein mandates that service should be made other than within a reasonable time. See: Snitzer, *Pennsylvania Eminent Domain,* p. 229, wherein it is stated that failure to properly notify should result in an extension of the right to demand a trial by jury but "[i]t should not have any effect whatsoever upon the efficacy of the original appeal."

The Water Company's second contention is that the failure to file the affidavit of proof of service for a period of approximately ten months subsequent to the filing of the appeal justifies quashing the appeal. We disagree. While the delay in filing the affidavit of proof of service for such an unreasonable time cannot be condoned, we believe that, under the instant circumstances, the court below was proper in permitting the Commonwealth to file such affidavit *nunc pro tunc.* In *Miller,* we said: "In the absence of a time requirement for the filing of proof of service of the copy of the appeal, such filing must be accomplished within a reasonable time subsequent to the filing of the appeal [citing authorities]." (424 Pa. at 482) "[T]he purpose, of the service, as well as the proof of service, is to insure that the opposing party is advised of the appeal, and whether a jury trial had been demanded. §516 (a)(5) gives fifteen days to the opposing party after being served with the notice to demand a jury trial if it has been waived." Snitzer, *Pennsylvania Eminent Domain,* pp. 228-229.

In the case at bar, it is clear beyond question that service of a copy of the appeal was made within a rea-

---

service of the copy of the appeal had been made within the five-day period, the use of the word "mandated" was clearly dictum and we did not pass upon the question whether the five-day period was either mandatory or directory. Reliance by the Water Company on this language in *Miller* is misplaced.

sonable time after the filing of the appeal; the Water Company knew an appeal had been filed and was not prejudiced in its assertion of any rights whatsoever. The requirement that an affidavit be filed in proof of service is of importance only in the instance of a challenge to service of a copy of such appeal. The Water Company had appropriate notice that the Commonwealth had filed its appeal and did not then nor does it now challenge the fact that it was served with notice of the appeal within a reasonable time after filing. The contention that the untimely filing of the affidavit in proof of the *unchallenged* service in this case would nullify the appeal is without merit.

Order affirmed.