**Redevelopment Authority of the City of Philadelphia v. Zubrow Fabrics, Inc.**

*John Hunt*, for appellant.
*Leon Katz*, for Redevelopment Authority.

KALISH, *J.*, March 19, 1975—The Redevelopment Authority of Philadelphia condemned certain premises leased to Zubrow Fabrics, Inc. ("condemnee"). On October 24, 1974, the board of view filed its report. On November 8, 1974, the redevelopment authority appealed the board's award in the Court of Common Pleas of Philadelphia County and mailed a copy of the appeal and the certificate of readiness to Mitchell L. Bach, Esq., condemnee's attorney, at his known address. On November 12, 1974, the redevelopment authority filed proof of service of the appeal in the Court of Common Pleas. Mr. Bach never received the copy of the appeal and the certificate of readiness, due to the failure of the postal service to deliver them. The postal service subsequently returned the notice of the appeal to the redevelopment authority. On December 1, 1974, John F. Hunt, Esq., replaced Mr. Bach as attorney for condemnee. Not having received any information concerning the status of the said award, Mr. Hunt wrote to the supervisor of the board of view on December 16th, inquiring into the

matter. On December 20, 1974, Mr. Hunt received a call from the redevelopment authority and was informed that an appeal had been filed November 8, 1974. On January 20, 1975, Mr. Hunt spoke with Enrico Adriano, trial coordinator for the redevelopment authority, at which time he requested a copy of the appeal. On January 27, 1975, Mr. Hunt received the copy of the appeal and the certificate of readiness originally sent to Mr. Bach on November 8, 1974. On February 21, 1975, I held a pretrial settlement conference, at the end of which both parties were given 20 days to file pretrial motions. On March 13, 1975, condemnee filed the motion to quash the appeal now before this court.

Condemnee contends that the appeal must be quashed because of the failure of the redevelopment authority to give proper notice of the appeal as mandated by section 1-516(b) of the Eminent Domain Code of June 22, 1964 (Sp. Sess.) P.L. 84, art. I, sec. 101, 26 P.S. §§1-101, et seq. Such a contention is without merit. Section 1-516(b) provides:

"The appellant shall serve a copy of the appeal on all other parties within five days after filing the same. Proof of service of a copy of the appeal shall be filed by the appellant."

Pennsylvania Rule of Civil Procedure 1027, which governs service of copies of appeals to a party of interest, provides, in pertinent part:

"A party filing a pleading, other than a complaint by which an action is commenced . . . shall forthwith serve it on every other party.

". . .

"(2) by leaving a copy for or mailing a copy to him at the residence or place of business of the

party or the address of the party's attorney of record."

In mailing Mr. Bach a copy of the appeal from the board of view award on the same day that the appeal was filed, the redevelopment authority made a good-faith effort to comply with both section 1-516(b) of the Eminent Domain Code and Pa.R.C.P. 1027(2). However, due to the failure of the postal service to deliver the notice, attorney Bach did not receive the notice within the five-day period provided in section 1-516(b). Notice of the appeal was not served on counsel for condemnee, who by then was Mr. Hunt, until January 27, 1975, almost three months after the appeal was filed.

However, the appeal is not defective by failure of service upon counsel for condemnee within the five-day period. While condemnee has cited several cases in which the court has stated that the provisions of appeal statutes are mandatory and binding, these statements were not made in regard to section 1-516(b) of the Eminent Domain Code. Our Supreme Court has spoken directly on the meaning of the five-day period for service of notice found in section 1-516(b). See Langhorne Spring Water Company Appeal, 437 Pa. 298 (1970), where the court stated:

"[I]t was the legislative intent that a copy of the appeal be served within a *reasonable* time after filing of the appeal and that the five-day provision is *directory* and *not mandatory* in nature.": 437 Pa. at 301, 263 A. 2d 359, (emphasis supplied).

The statutory timetable was not intended as an absolute: an appeal should not be quashed due to delay in perfecting it without proof of some prej-

udice: Metropolitan Edison Company v. Wurm, 17 Bucks 534 (1968).

The delay in serving notice of the appeal to Mr. Hunt was not unreasonable. The delay was the product of the failure of the postal service to deliver notice, which was apparently not the fault of the redevelopment authority. It was not the result of any questionable conduct or lack of good faith on the part of the redevelopment authority. Moreover, notice was sent a short time after it was requested.

In addition, condemnee has made no showing of prejudice due to the delay. The purpose of both the service of the copy of the appeal and proof of service is to insure that the opposing party is advised of the appeal and whether a jury trial has been demanded: Snitzer, Pennsylvania Eminent Domain (1965), §516-5, page 229. Counsel for condemnee was informed by the authority that an appeal had been filed on December 20, 1974. In so informing counsel for condemnee, the redevelopment authority fulfilled the purpose behind service of notice several weeks before notice was formally served on him. From December 20th on, counsel for condemnee acted with full knowledge of the appeal. In the following weeks, Mr. Hunt could easily have filed a motion to quash. However, the motion to quash now before us was not filed until March 13, 1975, almost three months after being informed of the appeal orally and almost two months after being served with notice by mail, and after the negotiations in which he had been participating actively failed to result in settlement.

Even if we were to assume, arguendo, that the redevelopment authority failed to properly notify counsel for condemnee, such a failure should not have any effect whatsoever upon the efficacy of the

appeal. See Snitzer, supra, at page 230. The appeal has been perfected within a reasonable time and there is no showing of prejudice or harm to condemnee arising from the delay in serving notice of the appeal.

The court, therefore, makes the following

## ORDER

And now, March 19, 1975, after argument and consideration of the briefs filed, the court denies the motion of plaintiff condemnee to quash the appeal of defendant, Redevelopment Authority of the City of Philadelphia.