398 A.2d 1034

James MAYBEE, Jr.,

v.

Amber McKNIGHT, Robert I. Coryea and Robert Lee Coryea.

**Appeal of Amber McKNIGHT.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1978.

Decided Feb. 22, 1979.

William J. Madden, Sharon, for appellant.

Charles F. Gilchrest, Sharon, for appellee, James Maybee.

No appearance entered nor brief filed for appellees Robert I. and Robert Lee Coryea.

Before CERCONE, WIEAND and HOFFMAN, JJ.

18

HOFFMAN, Judge:

Appellant appeals from the lower court's dismissal of her preliminary objections challenging jurisdiction over her. Specifically, she contends that appellee's failure to perfect his appeal from a district magistrate's decision to the common pleas court within the required 20 day period deprives the common pleas court of jurisdiction over her. We conclude that under the circumstances of this case the lower court has jurisdiction over appellant and, accordingly, affirm the order of the court below.

The procedural history of this case is as follows. On October 10, 1977, appellee Maybee filed a complaint against the Coryeas, father and son, and appellee McKnight, claiming certain property damage resulting from a car accident. On November 22, 1977, a district magistrate entered judgment (1) against Coryea Sr. and in favor of Maybee and (2) against Maybee and in favor of appellant McKnight. On December 8, 1977, 16 days after the date of judgment, Coryea filed a notice of appeal with the Court of Common Pleas at No. 1165 C.D.1977, captioned Maybee vs. Coryea, and a rule to file complaint. On December 13, 1977, 21 days after the date of judgment, Maybee filed a notice of appeal with the Court of Common Pleas at No. 1173 C.D.1977, captioned Maybee vs. McKnight and Coryea. On December 21, 1977, eight days later, Maybee filed his proof of service of notice of appeal on McKnight. On January 3, 1978, Maybee filed identical complaints at Nos. 1165 and 1173, naming Coryea and McKnight as defendants in both. On January 19, 1978, McKnight was served with the Complaint. On February 1, 1978, McKnight moved to strike Maybee's appeal at No. 1173 for failure to comply with Pa.R.C.P.J.P. No. 1005B (appellant shall file proof of service within five days after filing notice of appeal). Maybee petitioned to reinstate appeal No. 1173 or, in the alternative, to join McKnight as a defendant in appeal No. 1165 instituted by Coryea. On February 23, 1978, the lower court ordered both (1) that appeal No. 1173 be reinstated *and* (2) that McKnight be joined as a defendant in appeal No. 1165. All docket

entries after that order are to No. 1165 only. On March 3, 1978, McKnight filed preliminary objections to No. 1165, claiming that Maybee's failure to perfect his appeal No. 1173 to the Court of Common Pleas within the 20 days prescribed by the Minor Judiciary Court Appeals Act, Act of December 2, 1968, P.L. 1137, No. 355, 42 P.S. § 3005(b) deprived the court of jurisdiction over her in No. 1165. The lower court overruled McKnight's preliminary objections on April 18, 1978, and this appeal followed.

■ Ordinarily, orders denying preliminary objections are interlocutory and hence not appealable. *See, e. g., DeAngelis v. Laughlin,* 436 Pa. 75, 258 A.2d 615 (1969). When, however, the preliminary objections raise jurisdictional questions, the order is appealable. Act of March 5, 1925, P.L. 23, 12 P.S. § 672. In *Philadelphia Redevelopment Authority Appeal,* 413 Pa. 339, 196 A.2d 376 (1964), our Supreme Court held that an order refusing to quash an appeal from a Board of View to the Common Pleas Court "on the ground that a separate appeal should have been taken from each of the allocated awards" was an appealable order. *Id.,* 413 Pa. at 340, 196 A.2d at 377. Similarly, the Supreme Court has declared that an order dismissing preliminary objections which claimed that appellant had not complied with the preliminary steps (filing proof of service and copy of appeal within specified time limits) required by statute to effect an appeal from a Board of View to the Common Pleas Court is an appealable order because it raises a jurisdictional question. *In re Legislative Route 1018, Section 4,* 424 Pa. 477, 227 A.2d 679 (1967). Although we have doubts about the appealability of the order challenged in the case at bar, we will entertain the appeal in light of the above cases.

■ In the instant case, McKnight claims, in effect, that Maybee's failure to take a timely separate appeal from the District Magistrate's decision in favor of her and against Maybee deprives the Common Pleas Court of jurisdiction over the case as it relates to her. The Minor Judiciary Court Appeals Act, *supra,* 42 P.S. § 3005 provides in pertinent part:

"(b) The appeal shall be taken within twenty days of said action by filing with the prothonotary of the common pleas court, a notice of appeal which shall be sworn to and (i) if the plaintiff before the minor judiciary court is the appellant, shall be in the form of a complaint or (ii) if the defendant before the minor judiciary court is the appellant, shall consist of a praecipe requesting the prothonotary to enter a rule upon the plaintiff to file a complaint within twenty days or suffer entry of a judgment of non pros.

"(c) The appeal shall be conducted and prosecuted in accordance with the law and the Pennsylvania Rules of Civil Procedure that would have been applicable if the action had been initiated in the court of common pleas."

This section is suspended insofar as it is inconsistent with rules governing appellate proceedings with respect to decisions of district magistrates. Pa.R.C.P.J.P. Nos. 202(1), 1081(27). However, "[b]ecause of the prohibition in Article V, § 10(c), of the Constitution against suspending by rule any 'statute of limitation or repose' (*see Overmiller v. D. E. Horn & Co.,* 191 Pa.Super. 562, 159 A.2d 245, 1960), it appears that this [20 day] time limitation must be retained." *Note* to Pa.R.C.P.J.P. No. 1002. Pa.R.C.P.J.P. No. 1007.B provides that "[t]he action upon appeal [to the Common Pleas Court] shall not be limited with respect to . . . joinder of . . . parties . . . ." The Note to this Rule states that "[u]nder subdivision B, the court of common pleas on appeal can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the justice of the peace, subject of course to the Rules of Civil Procedure." While we do not believe that an appeal to the Common Pleas Court by one defendant automatically reopens the issue of another's liability, *see, e. g., Delmarmol v. Fidelity and Deposit Co. of Maryland,* 225 Pa.Super. 90, 310 A.2d 363 (1973) (appeal of one defendant from arbitration award does not reopen issue of another defendant's liability); *Fante v. Philadelphia Transportation Co.,* 222 Pa.Super. 276, 294 A.2d 776 (1972), we do believe that Rule 1007B allows any party to join another in an

appeal already instituted by another without filing a separate appeal. We also believe that, with respect to the Common Pleas Court's *jurisdiction* over the joined defendant, this application of Rule 1007B does not contravene 42 Pa.C.S.A. § 3005(b). In the instant case, because Coryea timely filed appeal No. 1165 and Maybee timely responded with the filing of a complaint against both Coryea and McKnight and soon thereafter obtained the court's express approval to join McKnight, we conclude that the Common Pleas Court has jurisdiction over McKnight. That Maybee's notice of appeal on No. 1173 was untimely is irrelevant. Under Rule 1007B Maybee was free to join McKnight to Coryea's timely appeal.

Order affirmed.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I concur fully in the majority's decision to affirm the order causing appellant to be joined as a party to the action pending in the trial court. Therefore, I find it unnecessary to determine whether, in the absence of such an order, one defendant's appeal from a magistrate's decision would carry with it the issue of another defendant's liability.