## Bonnett v. Ginn

*Arnold M. Horovitz*, for plaintiff.
*Frank M. Gianola*, for defendant Ginn.
*John A. Bacharach*, for defendant Bunyan.

WETTICK, *J.*, January 20, 1982 — Plaintiff, Henry Bonnett, Jr., instituted a trespass action against Rabia B. Ginn and Fay E. Bunyan before a justice of the peace. The justice of the peace found for plaintiff against defendant Ginn and for defendant Bunyan against plaintiff. Ginn filed a timely notice of appeal which referred only to the judgment entered in plaintiff's favor against this defendant. Notice of the appeal was given only to plaintiff, and plaintiff filed no appeal from the judgment entered in Bunyan's favor.

The initial complaint which plaintiff filed in this court named only Ginn as a defendant. Ginn filed an answer in which he denied negligence. Subsequently, and without leave of court, plaintiff filed an amended complaint which included Bunyan as a second defendant. Ginn then filed an amended answer which included a cross claim against Bunyan.

Bunyan has filed preliminary objections requesting that the amended complaint and cross claim be

stricken with prejudice because (a) the amended complaint and answer containing the cross claim were filed without leave of court, and (b) neither plaintiff nor Ginn appealed from the judgment entered in Bunyan's favor against plaintiff in the justice of the peace proceedings.

Plaintiff's complaint could not be amended to add an additional party defendant in the absence of a court order allowing the joinder entered pursuant to Pa.R.C.P. 2232(c). Goodrich-Amram 2d § 1033:3. Thus, because the amended complaint naming Bunyan as a defendant was filed without leave of court, Bunyan's preliminary objections in the nature of a motion to strike the amended complaint because of lack of conformity to law are sustained.

Since we have struck plaintiff's amended complaint, defendant Ginn's answer to this amended complaint has no validity. We, therefore, strike this entire answer, including the cross claim against Bunyan.

At oral argument, the parties to this proceeding focused on whether the failure of plaintiff and defendant Ginn to appeal the judgment entered in Bunyan's favor against plaintiff bars Bunyan's joinder as a defendant. Eventually, it will be necessary to decide this issue. Plaintiff undoubtedly will request this court to order Bunyan's joinder pursuant to Pa.R.C.P. 2232(c), and the only colorable argument against the joinder will be plaintiff's failure to appeal the justice of the peace judgment in Bunyan's favor. Consequently, since this is a small claims proceeding and this court is reluctant to require three counsel to make an additional appearance to reargue the same issue once proper procedure is followed, we will consider at this time the joinder issue in order to expedite these proceedings.

have addressed the issue of whether an appeal from compulsory arbitration by one party inures to the benefit of another party. From these decisions evolved a general rule that "the mere appeal of one defendant in compulsory arbitration is of no avail to another defendant, so that a judgment entered after the lapse of appeal time will not be opened or stricken." Fante v. Philadelphia Transportation Company, 222 Pa. Superior Ct. 276, 277, 294 A. 2d 776, (1972). However, the appellate courts recognized an exception to this general rule where it appeared that it was the intention of the appealing party to have the appeal operate as an appeal on behalf of other parties. See Mitchell v. Pittsburgh, 233 Pa. Superior Ct. 119, 335 A. 2d 403 (1975). While at first glance the line between the general rule and the exception appears to be readily ascertainable, this is not the case. As Judge Price frequently observed, the courts developed a series of rules for determining the intent of appellant which "render the issue confused and the result uncertain." Berkey v. Puliafico, 254 Pa. Superior Ct. 119, 385 A. 2d 554, 556 (1978) (Price, J., dissenting). For this reason, Judge Price favored the adoption of a rule that an appeal by one party from compulsory arbitration be treated as an appeal by all parties.

This result was achieved through the Compulsory Arbitration Rules adopted by the Pennsylvania Supreme Court on March 16, 1981. Pa.R.C.P. 1309 provides that "An appeal by any party shall be deemed an appeal by all parties as to all issues unless otherwise stipulated in writing by all parties." According to the explanatory note, the purpose of this rule was to "end the interminable litigation as to when an appeal by one party inures to the benefit of one or more other parties to the action."

On numerous occasions, our appellate courts

If the present case were governed by the appellate court case law governing appeals from compulsory arbitration awards, it is likely that Ginn's appeal would not operate as an appeal of the judgment entered in Bunyan's favor against plaintiff. Compare Romanovich v. Hilferty, 212 Pa. Superior Ct. 570, 245 A. 2d 701 (1968) and Delmarmol v. Fidelity and Deposit Co. of Md., 225 Pa. Superior Ct. 90, 310 A. 2d 363 (1973) with Hammerman v. Lee, 207 Pa. Superior Ct. 370, 217 A. 2d 853 (1966) and Portlock v. Philadelphia Transportation Co., 203 Pa. Superior Ct. 385, 198 A. 2d 617 (1964). We must, therefore, decide whether appeals of justice of the peace judgments should be governed by this case law or by the rule that an appeal by any party shall be deemed an appeal by all parties.

Although discussed in the case of Maybee v. McKnight, 264 Pa. Superior Ct. 16, 398 A. 2d 1034 (1979), the issue of whether an appeal of a justice of the peace judgment by one party inures to the benefit of other parties has never been decided by our appellate courts. In Maybee v. McKnight, the justice of the peace entered judgment in favor of plaintiff and against defendant Coryea and in favor of defendant McKnight against plaintiff. Coryea appealed; plaintiff did not. Pursuant to the appeal, plaintiff filed a complaint naming Coryea and McKnight as defendants, and, subsequently, plaintiff also obtained a court order permitting McKnight to be joined as a defendant. McKnight filed a preliminary objection to plaintiff's complaint contending that plaintiff's failure to appeal from the judgment entered in his favor deprived the court of jurisdiction over the case as it relates to this defendant. The court considered only this issue and held that the common pleas court had jurisdic-

tion over McKnight.* In reaching this result, Judge Hoffman, writing for the court, stated at p. 20:

"While we do not believe that an appeal to the Common Pleas Court by one defendant automatically reopens the issue of another's liability, see, e.g., Delmarmol v. Fidelity and Deposit Co. of Maryland, 225 Pa. Superior Ct. 90, 310 A. 2d 363 (1973) (appeal of one defendant from arbitration award does not reopen issue of another defendant's liability; Fante v. Philadelphia Transportation Co., 222 Pa. Superior Ct. 276, 294 A. 2d 776 (1972), we do believe that Rule 1007B allows any party to join another in an appeal already instituted by another without filing a separate appeal. We also believe that, with respect to the Common Pleas Court's *jurisdiction* over the joined defendant, this application of Rule 1007B does not contravene 42 Pa.C.S.A. §3005(b)."

Also, Judge Wieand, concurring, stated at p. 21:

"I concur fully in the majority's decision to affirm the order causing appellant to be joined as a party to the action pending in the trial court. Therefore, I find it unnecessary to determine whether, in the absence of such an order, one defendant's appeal from a magistrate's decision would carry with it the issue of another defendant's liability.

Pa.R.C.P.J.P. 1007 provides that the proceedings on appeal of a justice of the peace judgment shall be conducted de novo. The Judicial Code, consistent with case law construing the Arbitration Act of

---

*The court did not decide whether recovery against McKnight was barred by the doctrine of res judicata. Also, this case was decided before the promulgation of the rules of civil procedure governing arbitration appeals.

1836, also provides for a de novo trial of appeals from compulsory arbitration. 42 Pa.C.S.A. §7361(d). Consequently, if compulsory arbitration appeals continued to be governed by statute, this court probably would follow the case law governing compulsory arbitration appeals in deciding who is a party to an appeal from a justice of the peace judgment. But, as we have discussed previously, compulsory arbitration procedures are now governed by rules of civil procedure. Under these rules (which continue to provide for de novo trials of appeals from compulsory arbitration (Pa.R.C.P. 1311)), an appeal by any party is deemed to be an appeal by all parties as to all issues (Pa.R.C.P. 1309).

For three reasons, we will not extend the case law governing compulsory arbitration appeals to appeals from justice of the peace judgments but, instead, conclude that an appeal by any party from a justice of the peace judgment shall be deemed an appeal by all parties.

First, we find persuasive the reasoning of Judge Price in support of this rule. Consequently, we are reluctant to extend the case law applicable to compulsory arbitration which enunciates a contrary position in the absence of clear guidance from our appellate courts. Justice of the peace proceedings are less formal and more frequently involve an unrepresented litigant. Consequently, many persons inadvertently may be denied their day in court if the more complicated rules which previously governed appeals from compulsory arbitration are extended to appeals from justice of the peace judgments.

Second, in enacting rules governing compulsory arbitration, there was no need for the Pennsylvania

Supreme Court to address the issue of who is a party to an appeal of an arbitration award if it were satisfied with the case law governing this issue. Consequently, the actions of the Supreme Court in addressing this issue and in adopting a rule contrary to the case law call into question the continued vitality of the case law governing the issue of who is a party to a de novo appeal.

Third, since the rules of civil procedure governing appeals from justice of the peace judgments and compulsory arbitration awards both provide for de novo proceedings, there should be uniformity on the question of who is a party to the appeal in order that litigants do not lose their day in court. There is no justification for case law which would establish a more complicated and restrictive rule for justice of the peace proceedings.

For these reasons, we reject Bunyan's contention that the failure of plaintiff to appeal from the judgment entered in Bunyan's favor bars Bunyan's joinder as a defendant in this appeal from the justice of the peace judgment.

## ORDER

On this January 20, 1982, it is hereby ordered that the preliminary objections of Fay E. Bunyan are sustained and that plaintiff's amended complaint and defendant's answer thereto are hereby stricken without prejudice to plaintiff to seek to add Fay E. Bunyan as an additional party defendant pursuant to Pa.R.C.P. 2232(c) and to Rabia B. Ginn to seek to join Fay E. Bunyan as an additional defendant by petition filed pursuant to Pa.R.C.P. 2253 or by the filing of a cross claim in the event that plaintiff is permitted to file an amended complaint.