## Buchianico v. Chrissos

*Gregory S. Vitali*, for plaintiffs.
*Thomas J. Feeney Jr.*, for defendants.

REED JR., *J.*, July 7, 1986— This case arises on defendant's motion to strike the plaintiff's appeal from a district justice decision because defendants contend plaintiffs failed to file proper proofs of service of copies of notice of appeal upon all defendants pursuant to Pa.R.C.P.D.J. 1004(B) and 1005(B).

Plaintiffs appealed an adverse district justice decision. Two of defendants, Leon Leonidas and Steven Chrissos, were served pursuant to Pa.R.C.P.D.J. 1005(A); and proof thereof filed within five days in the prothonotary's office, Pa.R.C.P.D.J. 1005(B). A complaint was also properly filed, Pa.R.C.P.D.J. 1004(A) against the same two defendants only.

The so far unmentioned third defendant listed in the caption of the case both at the district justice's and in the appeal form *was not served*. Because of this the served two defendants contend the appeal was not perfected.

Defendants presented the Office of Judicial Support with a praecipe to mark the appeal stricken, that request was refused. Defendants now ask this court to strike the appeal.

The question is when a district justice renders a decision in favor of multiple defendants (here three), may plaintiff in an appeal to this court serve his notice of appeal against less than all defendants? Here plaintiff served only two of the original defendants. These two have moved to strike the appeal for failure to serve and thus proceed against the third defendant.

Rule 1005(B) requires an appellant-plaintiff to file proof of service of notice of the appeal upon the appellees (here defendants), and if the claimant, to file a complaint within 20 days from the filing of proof of notice Pa.R.C.P.D.J. 1004(A). Plaintiffs filed their complaint against the same two as he served.

An appeal brings a case to the court de novo. We know of no rule requiring a plaintiff to sue the same defendants as he did below. Upon appeal he has an election to serve one or more. Rule 1007(A) and (B) provides the case shall be conducted de novo, as if the matter had been initially brought in the court of common pleas, *and it shall not be limited inter alia as to parties or causes.*

In Pa.R.C.P.D.J. 1005(B) does not mandate including each and every defendant in the original proceeding before the district justice. An appeal to this court by one party does not automatically re-open the issue of liability as to all. *Maybee v. McKnight,* 264 Pa. Super. 16, 398 A.2d 1034 (1979). It rather provides a new start.

It is fundamental that a plaintiff may choose the parties against when he wishes to bring suit. And if a defendant or defendants desire, they may add additional defendants; hence defendants here are in no way prejudiced by plaintiff's assertion of his right to chose defendants against whom he will now seek recovery.

Accordingly we will deny the motion to strike an appeal.

## ORDER

And now, this July 7, 1986, it is hereby ordered and decreed that defendants', Steven Chrissos and Leon Leonidas motion to strike plaintiff's appeal be and the same is hereby denied.