WETTICK, J.,
These proceedings arise out of an automobile accident involving a motor vehicle owned by Burrell Industries Inc., and a motor vehicle owned by Nancy Phillips and driven by her husband, William Phillips. These proceedings were instituted through a complaint that Burrell filed before a district justice naming Nancy Phillips and William Phillips as defendants. On November 1, 1989, the district justice entered a judgment in Burrell’s 'favor as to William Phillips and dismissed the claim against Nancy Phillips. On November 29, 1989, Burrell filed a notice of appeal from the November 1, 1989, judgment which stated that this was an appeal in the case of “Burrell Industries Inc. v. Nancy Phillips (only).” At the same time, Burrell Industries Inc. filed a complaint which named only Nancy Phillips as the defendant.
On April 18, 1990, plaintiff entered the judgment obtained from the district justice against William Phillips in this court pursuant to Pa.R.C.P.D.J. 402(D). The subject of this opinion and order of court is William Phillips’ motion to strike this judgment.
William Phillips contends that Burrell’s appeal operated as an appeal by all parties as to all issues. Consequently, Burrell’s appeal extinguished the judgment which the district justice entered in Bur-rell’s favor against William Phillips.
*667 Burrell, on the other hand, contends that it appealed only from the judgment that dismissed its claim against Nancy Phillips. Therefore, the judgment against William Phillips stands because of his failure to file an appeal within the 30-day appeal period.
It is clear from the notice of appeal that Burrell sought to limit its appeal to the judgment in Nancy Phillips’ favor. Thus, we must decide whether it was possible for Burrell to do so or whether any appeal from a district justice judgment operates, as a matter of law, as an appeal by all parties as to all issues.
If this were an appeal from an arbitration award, there would be no dispute concerning this issue. In 1981 the Pennsylvania Supreme Court promulgated Pa.R.C.P. 1309, which provides that an appeal by any party “shall be deemed an appeal by all parties as to all issues unless otherwise stipulated in. writing by all parties.” However, the Rules of Civil Procedure for District Justices do not address this issue.
William Phillips contends that this issue is addressed by Pa.R.C.P.D.J. 1007(A) which provides that a “proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas.” But this rule does not indicate whether the proceedings that shall be conducted de novo involve all parties and claims that the district justice considered or only those parties and claims identified in the notice of appeal.
Burrell contends that Pa.R.C.P.D.J. 1004(C) permits a party to file a notice of appeal which limits its *668 scope. However, this rule only addresses the situation in which each party has filed a complaint against the other and the district justice has entered separate judgments on each complaint. It does not address the situation in which an appeal is taken from judgments entered on a single complaint.[1]
Although discussed in the case of Maybee v. McKnight, 264 Pa. Super. 16, 398 A.2d 1034 (1979), the issue of whether an appeal of a district justice judgment by one party inures to the benefit of other parties has never been decided by our appellate courts. In Maybee v. McKnight, the district justice entered judgment in favor of plaintiff and against defendant Coryea and in favor of defendant McKnight against plaintiff. Coryea appealed. Plaintiff did not. Pursuant to Coryea’s appeal, plaintiff filed a complaint naming Coryea and McKnight as defendants. Subsequently, plaintiff also obtained a court order permitting McKnight to be joined as a defendant. McKnight filed a preliminary objection to plaintiff’s complaint contending that plaintiff’s failure to appeal from the judgment entered in his favor deprived the court of jurisdiction over the case as it related to this defendant. The court considered only this issue and held that the common pleas court had jurisdiction over McKnight.[2] In reaching this result, Judge Hoffman, writing for the court, stated:
*669 “While we do not believe that an appeal to the common pleas court by one defendant automatically reopens the issue of another’s liability, see, e.g., Delmarmol v. Fidelity and Deposit Co. of Maryland, 225 Pa. Super. 90, 310 A.2d 363 (1973) (appeal of one defendant from arbitration award does not reopen issue of another defendant’s liability); Fante v. Philadelphia Transportation Co., 222 Pa. Super. 276, 294 A.2d 776 (1972), we do believe that Rule 1007B allows any party to join another in an appeal already instituted by another without filing a separate appeal. We also believe that, with respect to the common pleas court’s jurisdiction over the joined defendant, this application of Rule 1007B does not contravene 42 Pa.C.S. §3005(b).” (emphasis in original)
Also, Judge Wieand, concurring, stated:
“I concur fully in the majority’s decision to affirm the order causing appellant to be joined as a party to the action pending in the trial court. Therefore, I find it unnecessary to determine whether, in the absence of such an order, one defendant’s appeal from a magistrate’s decision would carry with it the issue of another defendant’s liability.”
In the case of Bonnett v. Ginn, 22 D.&C. 3d 243 (1982), this court considered the issue of whether an appeal from a district justice judgment is limited to the judgment against the appellant or whether it operates as an appeal on behalf of other parties. In that case, the district justice found for plaintiff against one defendant and for a second defendant against the plaintiff. The first defendant filed a timely notice of appeal which referred only to the judgment entered in plaintiff’s favor against this defendant. Plaintiff then filed a complaint in which it named only the appellant as a defendant. The appel *670 lant sought to join the second defendant as an additional defendant. The second defendant contended that it could not be joined because of the district justice’s judgment in its favor. We held that the first defendant’s appeal operated as an appeal by all parties as to all issues.
In the present case, Burrell contends that Bonnett v. Ginn should not apply because in that case it was apparent that the first defendant intended for its appeal to include the judgment in favor of the second defendant since this judgment was detrimental to the first defendant’s interests. In the present case, on the other hand, it is clear that the plaintiff intended only to appeal from the judgment in Nancy Phillips’ favor.
We reject Burrell’s efforts to distinguish the Bonnett v. Ginn opinion in this manner. The rationale for our decision in Bonnett v. Ginn is equally applicable to the present case.
Prior to the Pennsylvania Supreme Court’s promulgation of Pa.R.C.P. 1309, which provides for any appeal from an arbitration award to operate as an appeal by all parties as to all issues, extensive appellate court case law addressed the issue of whether an appeal from an arbitration award by one party inures to the benefit of other parties. The appellate courts had attempted to create a general rule that an appeal by one party is of no avail to any other party except where it appeared that it was the intention of the appealing party to have the appeal operate as an appeal on behalf of other parties. However, as Judge Price had frequently observed, the series of rules developed for determining the intent of an appellant “render the issue confused and the results uncertain.” Berkey v. Puliafico, 254 Pa. Super. 119, 385 A.2d 554 (1978) (Price, *671 dissenting). Consequently, he proposed that the appellate courts discard the intention-of-the-parties rule (because it was unworkable) and substitute the rule that an appeal by one is an appeal by all. It appears that this rationale served as the basis for the Pennsylvania Supreme Court’s promulgation of Rule 1309. See Explanatory Note-1981 to this rule, which reads as follows:
“This rule will end the interminable litigation as to when an appeal by one party inures to the benefit of one or more other parties to the action. The courts developed a set of rules, based on the perceived intention of the appellant and depending on who wins, who loses and who appeals. Judge Price in Mitchell v. City of Pittsburgh, 233 Pa. Super. 119, 335 A.2d 403 (1975), found the decisions so confusing that he proposed a simple rule that an appeal by any party will be an appeal by all parties as to all issues. Rule 1309 adopts this approach. The only exception is when all parties stipulate the contrary in writing.”
In Bonnett v. Ginn, we concluded for three reasons that we should follow the approach that the Pennsylvania Supreme Court adopted in Rule 1309 rather than the approach that the appellate courts followed prior to the promulgation of Rule 1309. First, we were persuaded by Judge Price’s descriptions of the case law and were, therefore, unwilling to extend a body of case law that had created substantial confusion and unfairness to appeals from district justice judgments. Second, we believed that the Pennsylvania Supreme Court adopted Rule 1309 in response to the problems with the pre-1981 case law that Judge Price described. Consequently, we should not follow an approach that the Pennsylvania Supreme Court has rejected merely because this *672 rejection was in the form of the promulgation of a rule of procedure rather than a court decision. Third, since the Rules of Civil Procedure governing appeals from district justice judgments and compulsory arbitration awards give litigants identical rights to obtain a de novo hearing by filing an appeal, there should be uniformity as to who is a party to the appeal in order that litigants do not inadvertently lose their day in court. There is no justification for case law which would establish a more complicated and restrictive rule for district justice proceedings because these proceedings are more likely to involve unrepresented litigants.
Because our decision in Bonnett v. Ginn was based on the use of a rule that an appeal by one is an appeal by all rather than upon the apparent intention of the appellant, this decision applies to the current fact situation involving an appellant who clearly wishes to limit the appeal to its claim against only one of the defendants in the proceedings before the district justice.
ORDER OF COURT
On this December 10, 1990, upon consideration of William Phillips’ motion to strike judgment, it is hereby ordered that:
(1) The judgment entered against William Phillips at no. 90-06881 is stricken; and
(2) Within 20 days, Burrell Industries Inc. may file a complaint against William Phillips.

. This court addressed the issue of whether an appeal of a judgment entered on one complaint serves as an appeal of the judgment entered on a cross-complaint involving the same parties in the case of Olczak v. Miller, 4 D.&C. 4th 485 (1989).

. The court did not decide whether recovery against McKnight was barred by the doctrine of res judicata. Also, this case was decided before the promulgation of Pa.R.C.P. 1309.