**CHELTENHAM TOWNSHIP SCHOOL DISTRICT**

v.

**Toman SLAWOW and Bozena Slawow, His Wife, Appellants.**

Commonwealth Court of Pennsylvania.

Argued March 6, 2000.

Decided May 19, 2000.

Reargument Denied Aug. 1, 2000.

Jay Meyers, Philadelphia, for appellants.

Justin M. O'Donoghue, Blue Bell, for appellee.

Before SMITH, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Toman and Bozena Slawow (Appellants) appeal from an order of the Montgomery County Court of Common Pleas which denied their petition for reinstatement of their appeal from a $7,712.72 judgment in favor of the Cheltenham Township School District (School District) for non-resident tuition for Appellants' two children from January 13, 1995 through June 16, 1995. Appellants request that the Court determine whether the trial court abused its discretion in refusing to reinstate their appeal which was stricken because they named Cheltenham Township as the appellee rather than the School District and because they failed to file a proof of service of the appeal.[1]

Appellants purchased a house in Cheltenham Township in November 1992. The house required repairs for occupancy, and Appellants would only occasionally stay in the property while making repairs. Nevertheless, Appellants enrolled their two children in the School District, and they signed an affidavit stating that they would move into the house by the end of February 1995. On March 10, 1995, the School District mailed Appellants a letter which informed them of the School District's belief that they were not residing in their Cheltenham Township house. The School District enclosed a $7,579.32 bill for the children's 1994—1995 school year tuition.

When Appellants failed to pay the tuition bill, the School District filed a com-

1. Appellants state the questions involved as follows:

1. Should a minor procedural error preclude the appellants from their day in court or a hearing on the merits of their appeal to the lower court?

2. Where the appellants took a timely appeal from a District Justice judgment, paid a fee, and then served the appellee with the appeal notice, but failed to file a proof of service, should this prevent them from a hearing to which they have a legal and constitutional right?

3. Did the lower court abuse its discretion in denying the appellants' petition for reinstatement of their appeal from the District Justice to the lower court?

4. Did the lower court deny the appellants' constitutional right to a hearing on the merits of their case by allowing a minor procedural error to defeat this right?

5. May a court in its discretion disregard a procedural error or defect in order to hear the case on its merits?

6. Is it not the purpose of Courts to provide a forum to address problems and issues for the public and not to have a minor procedural error defeat this public policy right?

plaint and a District Justice found in favor of the School District on March 6, 1996. Appellants filed a *pro se* notice of appeal of the District Justice's judgment in the trial court on April 4. However, Appellants named Cheltenham Township as the appellee in the notice of appeal, and they failed to file a proof of service after filing the notice in violation of Pa. R.C.P.D.J. No. 1005(B). Accordingly, the School District filed a praecipe to strike the appeal on April 25, and the trial court struck the appeal the same day.

Approximately eighteen months later, on October 31, 1997, Appellants filed a petition to reinstate their appeal. The petition was filed by Attorney Jay Meyers; however, Attorney Meyers never entered his appearance on Appellants' behalf in violation of local rules. On October 5, 1998, the trial court ordered Appellants to file a brief in support of their petition within 20 days because over 30 days had passed since the filing of their petition and they had not filed the requisite brief. On October 22, 1998, the trial court rescinded its October 5 order and directed Appellants to file their brief within an additional 20 days. It is unclear from the certified record whether Appellants ever filed their brief.

The trial court denied Appellants' petition on July 27, 1999 after hearing oral argument. On August 27, Attorney Meyers filed a notice of appeal, and on September 1 the trial court ordered Appellants to file a concise statement of matters complained of on appeal pursuant to Pa. R.A.P.1925(b). This order was sent directly to Appellants because no attorney of record had entered an appearance on their behalf. Appellants never filed a concise statement of matters complained of on appeal, and on September 30 the trial court filed its opinion which cited *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), for the rule that appellants must comply whenever a trial court orders them to file a concise statement of matters complained of on appeal and that any issues not raised will be deemed waived. The trial court further submitted that it would be inequitable for the court not to enforce the rule in light of Appellants' repeated failures to follow the applicable rules of procedure and the delays that they have caused.

Relying upon Pa. R.C.P. No. 126,[2] Appellants assert that this Court and the trial court should ignore their violations of the rules of procedure and reach the merits of their case. Without fully developing a constitutional argument, or even citing in their brief any case law precedent that is binding upon this Court, Appellants suggest that enforcement of the rules of procedure against them deprives them of due process of law. Appellants emphasize that they paid the court fee for their appeal of the judgment, and they contend that this entitles them to a hearing because the trial court will not return the fee. Appellants further suggest that the court should have mailed its opinion to Attorney Meyers as a courtesy despite Attorney Meyers' failure to enter his appearance which would have officially notified the court that he was representing Appellants and would have provided the court with his address.

▉ Appellants' arguments are wholly without merit. This Court cannot treat Appellants' repeated disregard for the rules of procedure lightly. Those rules are vital for the proper administration of limited court resources and for ensuring that all parties are treated fairly. *See generally Commonwealth v. Gambal,* 522 Pa. 280, 561 A.2d 710 (1989) (discussing the importance of adhering to rules of procedure). Despite Appellants' characterization, their failure to file a proof of

---

**2.** Pa. R.C.P. No. 126 provides:
   The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties.

**48**

service was not a "minor procedural error." The proof of service ensures that the opposing party is advised of the appeal. *In re Property of Langhorne Spring Water Co.*, 437 Pa. 298, 263 A.2d 357 (1970). Appellants combined their failure to file the proof of service with the defect in their notice of appeal. While both of these errors may have been excusable, Appellants further compounded their errors by waiting over eighteen months before petitioning the trial court to reinstate their appeal. Among other requirements, a petition to open a judgment must be filed promptly. *Borough of Kennett Square v. Lal*, 165 Pa.Cmwlth. 573, 645 A.2d 474 (1994). No explanation justifying an eighteen-month delay appears in the certified record or in Appellants' brief.

Notwithstanding the foregoing, Appellants waived all issues raised in this appeal when they failed to file a concise statement of matters complained of on appeal pursuant to the trial court's order that they do so. *Lord.* Appellants' failure to comply with the trial court's order prevented the trial court from addressing these issues, and "[t]he absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." *Id.*, 553 Pa. at 419, 719 A.2d at 308. The Court cannot excuse Appellants' failure to comply with the court's order and their repeated violations of the applicable rules of civil procedure. Accordingly, all issues raised by Appellants in this appeal are deemed waived, and the appeal is hereby dismissed.

### O R D E R

AND NOW, this 19th day of May, 2000, the appeal of Toman Slawow and Bozena Slawow is hereby dismissed.