DeAngelis *v.* Laughlin, Appellant.

Argued October 3, 1969. Before Bell, C. J., Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*N. Carl Schwartz,* for appellant.

*Thomas E. Waters, Jr.,* for appellee.

OPINION PER CURIAM, November 11, 1969:

This appeal is quashed because: (1) illegality of a contract (though a difficult issue here) is an affirmative defense which shall be pleaded by way of New Matter, 12 P.S. App., R.C.P. 1030 (1967), and cannot be raised by way of preliminary objections, Goodrich-Amram, Standard Pennsylvania Practice, §1017(b)-2 at 69, and §1030-1.2 at 193, and (2) because an order overruling appellant's preliminary objections is interlocutory and not appealable, *Grosso v. Englert,* 381 Pa. 351, 113 A. 2d 250 (1955). The Act of March 5, 1925, P. L. 23, 12 P.S. §672, does not confer jurisdiction here because the allegation that appellee did not state a cause of action does not raise a jurisdictional question. *Guzek v. Empire Wholesale Co.,* 396 Pa. 78, 151 A. 2d 470 (1959).

Appellant did not receive a copy of the letter, Exhibit A, until July 14, 1969 (the complaint was filed December 4, 1968); thus only two days passed before the lower court overruled her preliminary objections. Because of the seven month delay between the filing of the complaint and receipt of Exhibit A, the exhibit should be treated as the filing of an amended complaint, and appellant should again have an opportunity to file her preliminary objections. This is especially important in light of the capacity to sue and nonjoinder of necessary parties—problems first disclosed by the exhibit. 13 Standard Pennsylvania Practice, Ch. 59, §3, 12 P.S. App., R.C.P. 1017(b)(5).

Appeal quashed.

Mr. Justice ROBERTS and Mr. Justice POMEROY concur in the result on the ground that the overruling of a defendant's preliminary objection, alleging plaintiff's failure to join indispensable parties, is an inter-

locutory order, since it does not raise a "question of jurisdiction over the defendant" within the meaning of the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672.

Mr. Justice Jones took no part in the consideration or decision of this case.