## Morris v. Hanover Township Board of Supervisors

*B. Ryland Wiggs,* for plaintiff.
*Thomas E. Butterfield, Jr.,* for defendant.

WILLIAMS, *J.,* December 6, 1977 — Francis P. Morris instituted suit in equity against the Hanover Township Board of Supervisors for specific performance of an alleged oral agreement, or, in the alternative, damages, averring in his complaint that defendant, a second class township, entered into an agreement with plaintiff via its supervisors, but has failed to perform a portion of the agreement. Defendant filed timely preliminary objections to plaintiff's complaint and plaintiff filed an answer thereto. The matter is before the court upon defendant's preliminary objections.

Plaintiff avers that, subsequent to his acquisition of certain land in the township, hereinafter tract 1 and tract 2, a meeting took place with the township supervisors. Plaintiff further avers that the validity of his building permits for construction of townhouses and apartments on tract 1 were discussed and that an oral agreement was reached by those present at the meeting, the terms of which were as follows: plaintiff would grade a 30-foot wide strip of land along the southern boundary of tract 1 and donate same to the township for its sole and exclusive benefit. In addition, a $4,000 cash contribution for the installation of concrete curbs along said boundary would be included. Plaintiff would also grant a 20-foot wide surface easement for recreational purposes along the eastern portion of tract 1.

Plaintiff additionally agreed to construct and donate a sewer line enabling the township to hook onto and utilize said line, an act not required by his previously approved subdivision and development plans. In return, the supervisors agreed not to dispute the validity of plaintiff's townhouse and apartment building permits for tract 1 nor to make additional assessments against plaintiff for widening an access road to tract 1. Furthermore, the supervisors allegedly agreed to change the zoning of tract 2 from R-1 to R-2 upon plaintiff's request regardless of planning commission recommendations to the contrary.

Plaintiff avers that the agreement is executory only as to the rezoning item. He avers that the zoning change was requested in 1976 and that pursuant to that request a public hearing was scheduled and held by defendant on April 13, 1976. During the hearing the existence and terms of the agreement were acknowledged by a supervisor who was present at the 1970 meeting, and he voted in favor of rezoning tract 2. However, the other two supervisors voted not to honor plaintiff's request. After the death in 1976 of one of the supervisors opposed to rezoning, plaintiff avers that he again requested a zoning change by defendant, but this request was also defeated by a two-to-one vote.

Defendant's preliminary objections are threefold and will be addressed seriatim. The first, under Pa.R.C.P. 1017(b)(4), is in the nature of a demurrer and avers that "[t]he alleged contract between plaintiff and defendant is ultra vires as to the defendant and unenforceable because defendant is given no authority under Pennsylvania law to enter into a contract to rezone land." We are of the opinion that the defense is prematurely raised. Although Pa.R.C.P. 1509(a) makes available to any

party in an equity action all preliminary objections authorized by Rule 1017(b), the extent to which defenses may be raised as preliminary objections is limited, via the conformity rule,[1] by certain assumpsit rules. More specifically, "[t]he definite and mandatory language of Rule 1030 makes it improper to raise any affirmative defense, in the ordinary case, by demurrer or other preliminary objection. . . ." 2 Goodrich-Amram 2d, §1030:1.2. All affirmative defenses must be pleaded as "new matter," and "new matter," under the rule, is "in the nature of the common-law plea of confession and avoidance." Pisiechko v. Diaddorio, 230 Pa. Superior Ct. 295, 326 A. 2d 608 (1974); Saxe v. Feinstein, 366 Pa. 473, 77 A. 2d 419 (1951). The defense of ultra vires is not specifically set forth in Rule 1030 as an affirmative defense, but the list therein is illustrative, not exhaustive. A perusal of the list shows that such defenses by their very nature are a confession to the averments in a complaint and an avoidance of the claim by averments extrinsic to those in the complaint. In our opinion, the defense of ultra vires is of a nature comparable to that of the enumerated defenses. By the defense of ultra vires, defendant admits any averments of contract formation or validation but affirmatively defends by reference to an extrinsic matter, namely, the scope of the express and implied powers of the contracting corporation and the breach thereof such an agreement represents. In addition to the analogy to the listed defenses, there is precedent for holding that the defense of ultra vires may not be raised by demurrer and we hereby follow its

---

1. The conformity rule, Pa.R.C.P. 1501, provides that for the most part the procedure in an equity action shall be in accordance with the rules relating to an assumpsit action.

guidance: See Steinman Hardware Co. v. Keemer, 42 Lanc. 561 (1931); Cotan Corporation v. First National Bank of Everett, 59 D. & C. 346 (1947).

Defendant's second objection, also in the nature of a demurrer under Rule 1017(b)(4), avers that "[t]he alleged contract is unenforceable because a contract on the part of a political subdivision of the Commonwealth to rezone land is against public policy and accordingly neither enforceable nor the basis for a claim for damages by plaintiff." It is our opinion that this second objection suffers from the same infirmity as the first, namely, it is improperly raised. The essence of the averment is that a contract made by zoning authorities to zone or rezone for the benefit of a private landowner is illegal. The defense of illegality is specifically listed in Rule 1030 as an affirmative defense which shall be pleaded by way of New Matter, and cannot be raised by way of preliminary objections: DeAngelis v. Laughlin, 436 Pa. 75, 258 A. 2d 615 (1969), citing Goodrich-Amram §1030:1.2.

Defendant's final objection is that plaintiff is barred because of failure to exercise or exhaust a statutory remedy under provisions of the Pennsylvania Municipalities Planning Code (MPC) of July 31, 1968, P.L. 805, as amended, June 1, 1972, P.L. 333. Unlike the ultra vires and illegality defenses, the defense of failure to exercise or exhaust a statutory remedy may be specifically raised by preliminary objection. See Pa.R.C.P. 1509(b). Clearly, the parties should not be able to confer jurisdiction in equity where the legislature has provided an exclusive, constitutionally adequate method for administrative disposition of a dispute. See 5 Goodrich-Amram 2d §1509(a):1.1 and §1509(b):1. Thus, the specific issue here is whether the Pennsylvania Municipalities Planning Code pro-

vides such a statutory procedure and, if so, whether plaintiff has failed to exercise the remedy or, having exercised it, to exhaust its possibilities.[2]

Defendant initially notes that section 1001 of the MPC provides: "The proceedings set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act." 53 P.S. §11001. Defendant argues therefrom that plaintiff's appeal to this court is premature. More specifically, defendant contends that, pursuant to sections 609.1 and 1004 (53 P.S. §§10609.1 and 11004), plaintiff had the right to challenge the substantive validity of the applicable zoning ordinance and submit a curative amendment requesting that his proposed amendment of the ordinance be heard and decided, which right he failed to exercise. Defendant's argument is misplaced. The MPC now divides challenges on appeals into three classifications: (a) challenges which question the procedure followed in enacting an ordinance; (b) challenges which question the substantive validity of an ordinance; and (c) appeals or applications which do not involve the validity of the ordinance (i.e., a variance request). Plaintiff's request cannot, however, be categorized

---

2. Despite plaintiff's contention that the procedures set forth in the MPC are irrelevant to this cause of action because he seeks neither a curative amendment nor a variance, but rather rezoning of his property via judicial enforcement of an alleged oral contract, we find that plaintiff's claim was cognizable within the MPC and he was thus required to follow the relevant procedures, if any, prescribed by the MPC. See Ragano et ux. v. Rigot et al., 25 Pa. Commonwealth Ct. 428, 360 A. 2d 779 (1976).

under any of the above classifications[3] and thus controlled by the procedures applicable thereto, for it is a classical application for rezoning.[4] In McCandless Township Bd. of Comm. v. Beho Dev. Co. et al., 16 Pa. Commonwealth Ct. 448, 332 A. 2d 848 (1975), the court distinguished between a challenge to the validity of an ordinance and a mere request for rezoning. Therein the court stated: "A request for rezoning calls upon a local governing body, acting in its legislative role, to consider whether or not rezoning is in the best interest of the community. A 'challenge' pursuant to section 1004(1)(b), 53 P.S. §11004(1)(b), on the other hand, requires the governing body to act, in effect, as a quasi-judicial body and consider the legal merits of the challenge to the validity of the ordinance. See Ellick [v. Board of Supervisors of Worcester Township, 17 Pa. Commonwealth Ct. 404, 333 A. 2d 239 (1975)]." There, as here, the landowner's request to the township board of commissioners did not constitute a challenge to the validity of an ordinance, but was merely a request for rezoning because, inter alia, there was no notification of challenge and no submission of a curative amendment as envisioned by sections 609.1 and 1004(2)(d) of the MPC. The court in Beho also recognized that although the MPC provides for appeal to the local court of common pleas from denial of a request for a curative amendment, there is no such prescribed procedure of review from a refusal to rezone by the

3. Plaintiff seeks neither to challenge the procedure in enacting the ordinance nor a variance therefrom; thus categories (a) and (c) are patently inapplicable.

4. See section 609 of the MPC, 53 P.S. §10609.

municipal governing body.[5] We find, consequently, that plaintiff's request was one for rezoning and not a challenge to the validity of the zoning ordinance and, further, that by the two requests of defendant to rezone tract 2, plaintiff has exhausted the possibilities provided for under the MPC.

### ORDER OF COURT

And now, December 6, 1977, defendant's preliminary objections in the nature of a demurrer are denied as improperly raised, and the objection alleging a failure to exhaust a statutory remedy is likewise denied and dismissed. Defendant is given leave to file a responsive pleading to the complaint within 20 days from the date of this order.

---

5. Although this court is aware of the principle that the courts have no power to interfere with the legislative process and, therefore, have no jurisdiction to entertain an appeal from a denial of a petition which is *solely* a request for rezoning, that issue is not now before us.