430 A.2d 686

NATIONAL RECOVERY SYSTEMS, a corporation, Appellant,

v.

James V. FREBRARO, an individual.

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed May 29, 1981.

Joseph A. Jaffe, Pittsburgh, for appellant.

James A. Prostko, Pittsburgh, for appellee.

Before PRICE, CAVANAUGH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in concluding that the underlying contract was illegal and unenforceable. We agree and, accordingly, reverse the order of the lower court.

On November 9, 1979, appellant, National Recovery Systems, filed an amended complaint in assumpsit, which alleged the following. On four occasions between March 12, 1977 and May 16, 1977, Caesar's Palace, a Las Vegas, Nevada, casino, made personal loans to appellee, James V. Frebraro in the aggregate amount of $12,500.00. In exchange for the loans, appellee executed several drafts totalling that amount. On September 17, 1978, Caesar's Palace assigned its interest in the loans to appellant. Despite repeated demands, appellee refused to repay the loans. Appellee subsequently filed a preliminary objection in the nature of a demurrer, asserting that the loans were illegal and unenforceable. Following oral argument, the lower court sustained the demurrer and dismissed appellant's complaint with prejudice. This appeal followed.

■ Appellant contends initially that the lower court erred in entertaining appellee's demurrer because illegality is an affirmative defense which can only be raised as new matter pursuant to Pa.R.Civ.P. 1030 unless the illegality

appears on the face of the compliant. Thus, appellant argues, because illegality does not appear on the face of its amended complaint, appellee could not raise the issue by demurrer. *See generally* 2 Goodrich-Amram 2d § 1017(b):11 (1976). Although we agree with appellant's statement of the law, we nevertheless conclude that the lower court properly entertained the preliminary objection because appellant waived the procedural defect by failing to file a preliminary objection to appellee's preliminary objection. *See* Pa.R.Civ.P. 1032. A comparable situation was presented in *Duquesne Slag Products Co. v. Lench*, 490 Pa. 102, 415 A.2d 53 (1980). There, the defendant had raised the affirmative defense of res judicata in preliminary objections instead of in new matter as required by rule 1030. Because the plaintiff failed to file a preliminary objection attacking that defect, the lower court disposed of the defendant's preliminary objection on its merits. On appeal, our Supreme Court affirmed, ruling that the plaintiff had "waived its claim that *res judicata* was raised in an improper manner." *Id.*, 490 Pa. at 104, 415 A.2d at 54. *Accord, Freach v. Commonwealth*, 471 Pa. 558, 564–64 n.6, 370 A.2d 1163, 1166 n.6 (1977) (immunity from suit); *Rufo v. Bastian Blessing Co.*, 417 Pa. 107, 114, 207 A.2d 823, 826 (1965) (statute of limitations). Consequently, the lower court properly addressed the merits of the demurrer.

The scope of our review of an order sustaining a demurrer is well settled.

The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. . . . In order to sustain the demurrer, it is essential that the plaintiff's compliant indicate on its face that his claim cannot be sustained, and the law will not permit recovery. . . . If there is any doubt, this should be resolved in favor of overruling the demurrer.

*Gekas v. Shapp,* 469 Pa. 1, 5, 364 A.2d 691, 693 (1976) (citations omitted). *Accord, Dominsky v. Garrett,* 276 Pa. Super. 18, 23, 419 A.2d 73, 75 (1980); *Adamson v. Commonwealth,* 49 Pa.Cmwlth. 54, 59, 410 A.2d 392, 395 (1980).

 The lower court found that the loans had been made for the purpose of gambling and thus concluded that they were unenforceable because gambling is illegal in Pennsylvania. We disagree. The amended complaint avers that the loans were personal; it nowhere states that the loans were for gambling. "It is fundamental that a demurrer cannot supply a fact missing in the complaint: *Bonanni v. Western Hauling,* 392 Pa. 248, 140 A.2d 591 (1958)." *Linda Coal & Supply Co. v. Tasa Coal Co.,* 416 Pa. 97, 102, 204 A.2d 451, 454 (1964) (fact supplied by trial court was not a compelled inference from facts averred in complaint; but rather arose from conclusion stated in demurrer).

> Rule 1028 of the Pennsylvania Rules of Civil Procedure, which authorizes the filing of preliminary objections to a complaint, never intended that testimony or anything outside of the complaint are to be considered in disposing of the questions of law raised by a demurrer to the complaint. Such issues are to be resolved by the court on the basis of the pleadings alone. 2A Anderson Pa.Civ. Prac. § 1028.8 (1969). Moreover, where a preliminary objection to the complaint in the nature of a demurrer is filed, there is no burden on the plaintiff to prove the cause of action. The issue then before the court, and the only issue is, whether the facts in the complaint itself are sufficient to entitle the plaintiff to relief. *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970). Hence, it is clear the lower court should not have sustained the demurrer to the complaint instantly on the basis of the testimony introduced.

*International Union of Operating Engineers v. Linesville Construction Co.,* 457 Pa. 220, 223, 322 A.2d 353, 356 (1974). The lower court inferred a fact not alleged in the amended complaint—that the loans had been made for the purpose of gambling—from an assumption in appellee's brief in support

of its demurrer and an alleged admission by appellant at oral argument on the demurrer.[1] Consequently, the lower court's finding that the loans were made for the purpose of gambling was premature. Thus deprived of its initial premise, the argument that the loans are illegal and unenforceable is, at this time, without merit. Accordingly, we hold that the lower court erred in sustaining appellee's demurrer.[2]

Order reversed and case remanded for proceedings consistent with this opinion.

1. In its brief to this Court, appellant denies that it made such an admission. Appellee's brief is silent on the point. Because the oral argument was not transcribed, we cannot verify whether the admission was actually made.

2. Because we conclude that the lower court erred in finding that the loans were for the purpose of gambling, we need not consider appellant's alternative arguments that the loans were legal under the law of the jurisdiction where they had been made and that Pennsylvania public policy would not forbid their enforcement.