499 A.2d 1106

**Myles S. BARBET and Sidney J. Barbet, Appellants,**

**v.**

**Fred EDELSTEIN.**

Superior Court of Pennsylvania.

Argued June 18, 1985.

Filed Nov. 1, 1985.

Kevin A. Palmer, King of Prussia, for appellants.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

MONTEMURO, Judge:

Myles and Sidney Barbet filed a complaint against Fred Edelstein for breach of contract and fraud. The transaction which brought about this litigation involved an agreement between the parties to purchase and then resell tickets to the 1984 National Football League's "Super Bowl." According to the parties' understanding, the Barbets would "invest" fifteen hundred dollars ($1,500.00), which Edelstein would use to purchase the tickets; the tickets would then

be resold at a profit. Apparently Edelstein carried out this "investment venture," and sent the Barbets their return on the investment in the form of a check for three thousand, three hundred sixty dollars ($3,360.00).[1] The check was returned by the Barbets' bank due to insufficient funds, and this litigation followed.

In response to the Barbets' complaint, Edelstein filed a preliminary objection in the nature of a demurrer stating that the contract and "venture" was nothing more than common ticket "scalping" and, as such, the agreement was illegal and unenforceable. The court below granted Edelstein's demurrer and dismissed the complaint. This appeal followed.

"Upon demurrer, a reviewing court must regard as true all well-pleaded facts and reasonable inferences deducible therefrom." *Klein v. Raysinger*, 504 Pa. 141, 144, 470 A.2d 507, 508 (1983); *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979); *Bartanus v. Lis*, 332 Pa.Super. 48, 480 A.2d 1178 (1984). While a demurrer admits all well-pleaded facts set forth in the complaint, it does not admit conclusions of law. *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691 (1976). In ruling on a demurrer, a court may look only to matters arising out of the complaint itself and may not consider matters not disclosed in the record. *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 450 A.2d 36 (1982); *DeSantis v. Swigart*, 296 Pa.Super. 283, 442 A.2d 770 (1982). Although there is no " 'magic formula' to determine the sufficiency of a plaintiff's complaint ... the law *is* clear that a demurrer can only be sustained in a case free from doubt." *Bartanus v. Lis, supra*, 332 Pa.Super. at 53, 480 A.2d at 1181 (original emphasis). Any doubt which does exist should be resolved in favor of overruling the demurrer. *Chorba v. Davlisa Enterprises, Inc., supra.*

---

1. According to the Barbets' complaint, the $3,360.00 check was for the Barbets' initial investment and profit, as well as partial payment for a $500 loan extended to Edelstein. The complaint is unclear as to the purpose of the loan.

The Barbets advance numerous assignments of error [2] on the part of the court below, and request that we reverse the order of the court below and remand the case in order to allow them to amend their complaint. However, due to Edelstein's procedural error below, and our limited scope of review as set forth above, we do not reach these contentions.

██ As we stated earlier, Edelstein filed preliminary objections in the nature of a demurrer, which argued the illegality of the contract or "venture" undertaken by the parties. However, the Pennsylvania Rules of Civil Procedure clearly prohibit such a response to the Barbets' complaint as "illegality of a contract ... is an affirmative defense which shall be pleaded by way of New Matter ... and cannot be raised by way of Preliminary Objections." *DeAngelis v. Laughlin*, 436 Pa. 75, 77, 258 A.2d 615, 615 (1969);[3] *National Recovery Systems v. Frebraro*, 287 Pa. Super. 442, 430 A.2d 686 (1981); Pa.R.C.P. 1017(b), 1030; 2 Goodrich-Amram § 1017(b):11; 5 Standard Pennsylvania Practice 2d § 25:65. The Barbets have never objected, either in the proceedings below or now on appeal to this procedural impropriety. As such, the court below properly entertained the preliminary objection despite the procedural defect. *National Recovery Systems v. Frebraro, supra.*

The court below stated, in its opinion written pursuant to Pa.R.A.P. 1925, that the complaint must be dismissed because "[t]he subject matter of this contract is clearly in

2. Edelstein has never filed a brief with this court. We are therefore without the benefit of his arguments in opposition to those set forth by the Barbets.

3. In *DeAngelis v. Laughlin*, 436 Pa. 75, 258 A.2d 615 (1969), our supreme court *quashed* the appeal. However, we will not consider a similar disposition in the instant case, as it is not clear from *DeAngelis* whether the supreme court quashed the appeal because of the improper preliminary objection or because an order overruling preliminary objections (as existed in *DeAngelis*) was interlocutory and not appealable. *See DeAngelis v. Laughlin, supra*, 436 Pa. at 77, 258 A.2d at 616 (Roberts and Pomeroy, JJ., Concurring). We shall, instead, dispose of this appeal as another panel of our court did in the factually similar case of *National Recovery Systems v. Frebraro*, 287 Pa.Super. 442, 430 A.2d 686 (1981).

violation of the requirements of 4 Pa. C.S.A. [P.S.] § 202." Opinion of the court below at 2. Section 202 provides:

No person shall resell or engage in or continue in the business of reselling any tickets of admission, or any other evidence of the right of entry to any place of amusement, at a price higher than the established price fixed by the owners of such place of amusement, without having first obtained a license to so resell or engage in such business from the licensor of the county or city in which such person intends to conduct such business as hereinafter provided, and no person shall so resell or conduct such a business during any period of suspension or revocation of his license.

As this section indicates, the resale of tickets, such as those involved in the instant case, is illegal unless the individual purchasing and reselling them has properly applied for and received a license to do so. *See* 4 Pa. S. §§ 203, 204, 205. If such a person *has* received a license, the transaction is sanctioned by the statute. Thus, the "investment venture" in the instant case would not in all cases be an illegal one.

■ The facts alleged in the Barbets' complaint simply state that they gave Edelstein fifteen hundred dollars ($1,500.00), which was to be used for the purchase and resale of football tickets. No mention was made of "scalping", section 202, or of Edelstein's lack of a license under section 203. On the bare facts of the complaint, it is not clear whether the transaction was a legal one or an illegal one. Although the court may make reasonable inferences from averred facts, any doubt which exists must be resolved in favor of overruling the demurrer. *Chorba v. Davlisa Enterprises, Inc., supra.* In the instant case, the doubt which exists should have been resolved in favor of overruling the demurrer.

In *National Recovery Systems,* a case remarkably similar to the one before us, Caesar's Palace, a Las Vegas Casino, made a personal loan to James V. Frebraro in the

amount of twelve thousand five hundred dollars ($12,-500.00). Caesar's subsequently assigned its interest in the loan to National Recovery Systems. After Frebraro refused to repay the loan despite National's persistent demands, National filed a complaint in assumpsit seeking the amount due. Frebraro filed a preliminary objection in the nature of a demurrer which incorrectly raised the affirmative defense of illegality. The court below granted the preliminary objection and dismissed the complaint.

On appeal, this court first found that the court below properly entertained the demurrer, since National failed to object to the procedural irregularity. However, we reversed the order of the court below, finding that the court below improperly concluded that the loan agreement was unenforceable because its purpose was illegal gambling. Noting that a court, in ruling on a demurrer, cannot supply a fact missing in the complaint, we stated that where the complaint made no mention of gambling, the court could not infer the loan was made for gambling purposes. Consequently, we found the conclusion of the court below was based not on the complaint's allegations, but on facts alleged in the preliminary objection. As such, the court's conclusion was improper, and the demurrer should have been overruled.

As in *National Recovery Systems*, we believe the court below in the instant case supplied a fact, i.e., that the purpose of the "venture" was "scalping," which was not alleged in the complaint. This was clearly improper, as the only mention of "scalping" appears in Edelstein's demurrer. While we are not so naive as to believe that anyone will allege in his or her complaint the illegality of a contract which they seek to enforce, our standard of review when ruling on a demurrer forces the result reached in *National Recovery Systems*. Obviously, the standard of review which we have applied in the instant case is the direct result of Edelstein's failure to comply with the rules of civil procedure.

494

Order reversed and case remanded for proceedings consistent with this opinion. This court does not retain jurisdiction.

POPOVICH, J., concurs in the result.