# Gurecki v. Northeast Medical Associates P.C.

C.P. of Lackawanna County no. 96 CV 4940.

*Jill H. Miller,* for plaintiff.
*Sheldon Rosenberg,* for defendants.

MINORA, *J.,* January 4, 1999—This action comes before the court by way of preliminary objections filed by both the defendants and the plaintiff. Plaintiff asserts that because of her age, she was discriminated against and eventually terminated from her position with defendants medical association. In addition to this allegation, plaintiff asserts that defendants defamed her character and reputation by using false and unjustified accusations in which plaintiff maintains caused her great physical and psychological detriment.

The preliminary objections filed by the defendants in this action sound in the nature of a demurrer against various counts in the plaintiff's complaint.

Plaintiff has also filed preliminary objections in the nature of a motion to strike the defendants' preliminary objections. An argument was held before this court on August 11, 1998, and the parties have briefed their respective positions. This memorandum and order follow.

## FACTS

Helen Gurecki began working for Phillip Boccagno M.D. and Dominic Ruggerio D.O. in 1986 when they assumed control of the medical practice of Dr. Velio

Beradis. Previously, plaintiff had been employed by Dr. Beradis until his death in 1985. Sometime in 1987, Drs. Boccagno and Ruggerio formed a medical practice known as Northeast Medical Associates P.C.

Plaintiff contends that in approximately 1991, defendants engaged in a course of prohibited discriminatory conduct, which resulted in plaintiff's termination on October 27, 1994. At the time of plaintiff's termination, she was 57 years old and was replaced by individuals not in the protected age class.

On April 20, 1995, plaintiff filed a complaint against defendants alleging age discrimination with the Pennsylvania Human Relations Commission, with a simultaneous filing by the PHRC with the Equal Employment Opportunity Commission.

On October 19, 1995, plaintiff, informed that defendants rejected plaintiff's offer to settle the matter, was not willing to attend the fact-finding conference.

On June 10, 1996, plaintiff filed a complaint in the U.S. District Court for the Middle District of Pennsylvania, claiming that defendants violated the Federal Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.

On October 11, 1996, plaintiff initiated this action by filing a praecipe and writ of summons. On October 1, 1997, the PHRC administratively dismissed plaintiff's complaint.

On January 26, 1998, plaintiff filed a complaint to the within action. On February 12, 1998, defendants filed preliminary objections sounding in the nature of a demurrer. In response, plaintiff, on March 4, 1998, filed preliminary objections to defendants' preliminary objections.

On April 13, 1998, the U.S. District Court granted defendants' motion to dismiss the complaint. Plaintiff filed a motion for reconsideration on April 23, 1998. On June 11, 1998, plaintiff's motion for reconsideration was denied.

On May 13, 1998, plaintiff filed a notice of appeal to the U.S. Court of Appeals for the Third Circuit. Therefore, this matter is now ripe for decision.

## DISCUSSION

### *Preliminary Objections Sounding in Demurrers*

In considering a demurrer, all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, are admitted as true. The court cannot accept as true conclusions of law. "The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. . . . A demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim on which any relief may be granted. . . . A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory." *Pittsburgh National Bank v. Perr,* 431 Pa. Super. 580, 584, 637 A.2d 334, 336 (1994). (citations omitted) Since the sustaining of a demurrer results in a denial of the pleader's claim or dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without doubt fail to state a claim for which relief may be granted. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 372, 490 A.2d 402, 408 (1985).

Doubt should be resolved in favor of overruling the demurrer. *National Recovery System v. Frebraro,* 287 Pa. Super. 442, 444, 430 A.2d 686, 687 (1981). In

pleading its case, "the complaint need not cite evidence but only those facts necessary for the defendant to prepare a defense." *PennDOT v. Bethlehem Steel Corp.,* 33 Pa. Commw. 1, 11, 380 A.2d 1308, 1313 (1977). A preliminary objection in the nature of a demurrer cannot be used to raise substantive defenses against a plaintiff's right to recover. Goodrich-Amram 2d, vol. 2 §1017(b):25 (1991).

The test a court employs in ruling on a demurrer in the form of a preliminary objection is whether upon the facts averred it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish his right to relief. *Sharon Paving & Constr. Co. v. Sharon,* 19 Mercer Co. L.J. 155 (1982).

Based on the above standard for a demurrer, this court "cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. PennDOT,* 124 Pa. Commw. 625, 629, 556 A.2d 969, 971 (1989). Despite this general rule, Pennsylvania recognizes a limited exception, which provides that "where a plaintiff avers the existence of a written agreement and relies upon it to establish his cause of action. In such a case, a defendant may properly annex that agreement without creating an impermissible speaking demurrer since the agreement is a factual matter arising out of the complaint itself." *Id.* at 629, 556 A.2d at 971.

In the instant case, plaintiff does not allege the existence of written documents nor does she rely on particular written documents in her complaint in order to establish her cause of action. Therefore, this court is bound to consider only the plaintiff's complaint and we will not consider the exhibits attached to defendants' brief in support of their preliminary objections, nor will we adopt the subsequent arguments raised by the

defendants asserting the new Pennsylvania Rules of Evidence.

By first acknowledging what matters this court will consider in making its determination, we will now address the objections at issue.

### Issue I: Whether Plaintiff's Complaint Raises Sufficient Allegations To Sustain a Cause of Action Which Entitles Her to Relief

The first issue this court will dispose of concerns the plaintiff's allegation that she was terminated from defendants medical association based on age discrimination. In order to resolve this issue, this court need only determine whether or not plaintiff has pled sufficient facts in her complaint to adequately state a claim for relief.

Plaintiff's complaint identifies numerous allegations in which plaintiff proffers as evidence defendants' discriminatory treatment against her based on plaintiff's age. Examples enumerated in plaintiff's complaint range from what plaintiff espouses as unwarranted reprimands to adverse employment opportunities. Specifically, plaintiff contends that because of her age, she was subject to modifications in her compensation, terms, conditions, and privileges of her employment, all to her detriment.

In stark contrast, defendants maintain that *Billet v. Cigna Corp.*, 940 F.2d 812 (3d Cir. 1991), is identical to the case at hand and therefore resolves the above issue. Defendants assert that the case cited *supra* stands for the proposition that "the employee's assertion of his own good performance was insufficient to prevent *summary judgment* where the employer produced performance reviews and other documentary evidence of

misconduct and insubordination that demonstrated poor performance." *Sempier v. Johnson & Higgins,* 45 F.3d 724 (3d Cir. 1995). (emphasis added) Defendants contend that plaintiff gave evidence of misconduct and poor performance in her complaint and, therefore, plaintiff's complaint should be dismissed.

We find that defendants' reliance on the two above-referenced cases to be misplaced. The reason we conclude that defendants are misguided in their application of the law is because defendants are attempting to incorporate documents outside the plaintiff's complaint as exhibits. As this court has previously stated, we are not at liberty to utilize documents other than the complaint when deciding a preliminary objection sounding in demurrer.

Ultimately, defendants are seeking to offer plaintiff's complaint filed in United States District Court which alleged a violation for age discrimination under the Federal Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.

However, we are not permitted to rely on this federal complaint at this point in this case because it is not mentioned in the current plaintiff's complaint filed in Lackawanna County. Therefore, we need not address defendants' assertion pertaining to this issue and we conclude defendants' above argument while it may ultimately have merit, has no merit at this stage in the proceedings. This issue is not ripe for consideration by this court since it is not pled in plaintiff's complaint, which is the limit and focus of our inquiry in resolving a demurrer. Therefore, we hold that defendants' preliminary objection seeking to dismiss the plaintiff's complaint for failing to allege sufficient facts in her complaint to set forth a cause of action for discrimination is denied. Summary judgment which affords the court

a much broader opportunity to consider all the pleadings, discovery and exhibits may yet yield a different result, especially if reviewed in the context of the new rules of evidence.

## Issue II: Whether Plaintiff Is Entitled to a Trial by Jury

This court will address this issue because the plaintiff's complaint demands a jury trial. In order to resolve this matter, we must consider that the plaintiff's complaint alleges age discrimination under the Pennsylvania Human Relations Act. The Pennsylvania Superior Court recognized that "[i]t has long been recognized that the Pennsylvania Constitution 'only preserves the right to trial by jury in those cases where it existed at the time the constitution was adopted.' " *Murphy v. Cartex Corp.,* 377 Pa. Super. 181, 192, 546 A.2d 1217, 1222 (1988). In addition, the *Murphy* court stated that "[j]ury trials are not available in proceedings created by statute unless the proceeding has a common-law basis or unless the statute expressly or impliedly so provides." *Id.* at 192, 546 A.2d at 1222.

Accordingly, plaintiff argues that because Count II of her complaint, which alleges defamation, is based on common law and Count I which is based on PHRA, both arise from the same set of facts and therefore, she is entitled to a jury trial.

However, the *Murphy* court determined that the "PHRA and the rights it confers were nonexistent at the time the Pennsylvania Constitution was adopted. Therefore, no right to a jury trial existed which the constitution could preserve." *Supra* at 192-93, 546 A.2d at 1223. Additionally, the *Murphy* court maintained that there was no constitutional right to have a jury hear a PHRA claim, as well as a "matter of statutory in-

terpretation, that the legislature did not intend to provide a right to demand a jury trial in PHRA actions brought in the courts of common pleas." *Id.* at 193, 546 A.2d at 1223. The *Murphy* court concluded that they were "convinced that the legislature did not intend to create a right to demand a jury trial when it enacted . . . PHRA." *Murphy, supra* at 195, 546 A.2d at 1224.

Furthermore, five years after the *Murphy* court, the Pennsylvania Superior Court also held that there is no right to a jury trial under the PHRA. W*alker v. Grand Central Sanitation Inc.,* 430 Pa. Super. 236, 239 n.1, 634 A.2d 237, 238 n.1 (1993). The *Walker* case provides additional guidance because that case involved claims based on both defamation and discrimination under the PHRA. The *Walker* court tried the defamation issue in front of a jury, while a bench trial was used for the PHRA claim. *Id.*

We hold that, based on the cases cited *supra,* plaintiff is not entitled to a jury trial for Count I, her alleged claim of discrimination arising under the PHRA. However, she may request a separate jury trial for Count II, her claim based on defamation. While this is contrary to the interest of judicial economy, it is a legally cognizable procedure. Therefore, defendants' preliminary objection to dismiss plaintiff's demand for a jury trial under the PHRA is granted.

Issue III: Whether the Plaintiff Could Be Terminated From Her Employment for Any or No Reason Even if She Was Considered an At-Will Employee

Defendants argue that in order for plaintiff to have a property right in her job, then plaintiff would have the duty to plead that she is other than an at-will employee. Defendants reason that because plaintiff does

not allege that she has a written employment contract, nor any specific or special wages, hours and working conditions, thus, plaintiff was an at-will employee. Based on this reasoning, defendants rely on the general rule that, "Pennsylvania does not recognize a common-law cause of action for termination of an at-will employment relationship; our courts have instead protected the employer's 'unfettered right to discharge an at-will employee for any or no reason in the absence of a contractual or statutory prohibition.' " *McLaughlin v. Gastrointestinal Specialists Inc.,* 696 A.2d 173, 176 (Pa. Super. 1997). Therefore, defendants maintain because plaintiff was an at-will employee she has no property right in her job and her position could be terminated for any or no reason at all. Defendants request this court to dismiss paragraph 30(a) of plaintiff's complaint which defendants argue states that plaintiff is attempting to create a property right in her at-will employment.

Conversely, plaintiff avers that under the PHRA, individuals are protected against age discrimination. The PHRA defines "age" as the following: "any person 40 years of age or older and shall also include any other person so protected by further amendment to the Federal Age Discrimination in Employment Act." 43 P.S. §954(h). Plaintiff asserts that there is no exception under 43 P.S. §954 pertaining to an at-will employee. Plaintiff contends that the PHRA was to prevent wrongful employment practices and discharge of those employees who otherwise were not protected by either contract or union membership. Therefore, plaintiff maintains she is precisely the employee the PHRA was established to protect, because of her employment status.

We agree with plaintiff, that the PHRA protects individuals who are in the same employment situation as the plaintiff, including at-will employees. We base

our holding on the Pennsylvania Superior Court's finding that "an action for wrongful discharge will lie where the employer's conduct in terminating an at-will employee violates a clear mandate of public policy." *McLaughlin, supra* at 176. In order for an employee to fit within the parameter of the public policy exception, the *McLaughlin* court stated that the "public policy at issue must be articulated in the constitution, legislation, administrative regulation or judicial decision." *Id.* at 177.

We hold that there is a specific statute, PHRA, in which the plaintiff is a member. Plaintiff at the time of the alleged discrimination was 57 years old and, therefore, fits within the PHRA age definition, which only requires one to be 40 years or older. Because the PHRA applies to the plaintiff, this court holds that plaintiff has alleged a sufficient cause of action and we are therefore denying defendants' preliminary objection concerning paragraph 30(a) of plaintiff's complaint.

### Issue IV: Whether Count II of Plaintiff's Complaint Alleged the Necessary Elements To Maintain a Cause of Action for Defamation

Count II of plaintiff's complaint alleges defamation of character in her lawsuit. Specifically, plaintiff alleges that defendants defamed her character and reputation by using false and unjustified accusations which caused plaintiff great physical, psychological and financial detriment.

In response to Count II, defendants argue that plaintiff failed to allege in her complaint necessary elements of the tort of defamation. Defendants contend that the plaintiff does not allege that defendants lowered her in the estimation of the community nor intended to

deter third persons from dealing with her. Additionally, defendants aver that the PHRA provides specific remedies for its violations and, as such, this statute preempts tort claims for the same action. Defendants rely on the Pennsylvania Superior Court's finding that the PHRA "preempts claims of wrongful discharge based on a violation of the public policy against discrimination." *Jacques v. Akzo International Salt Inc.*, 422 Pa. Super. 419, 429, 619 A.2d 748, 753 (1993). Therefore, defendants state that plaintiff did not plead sufficient facts to make a prima facie case for defamation and request this court to dismiss Count II.

In stark contrast, plaintiff avers that the *Jacques* case cited *supra* is inapplicable to the present case. The primary reason that the plaintiff differentiates *Jacques* from the current case is that the plaintiff maintains that *Jacques'* court holding applies to preempt tort actions for wrongful discharge. Moreover, plaintiff contends that Count II of her complaint alleges defamation and not wrongful discharge, therefore, the PHRA does not preempt plaintiff's claim. Finally, plaintiff argues that there are instances in which defamation claims are allowed with claims asserting violations of the PHRA. *Yetter v. Ward Trucking Corp.*, 401 Pa. Super. 467, 585 A.2d 1022 (1991).

We hold that the plaintiff has failed "to make out a cause of action in defamation because Pennsylvania law requires the plaintiff to prove publication by the defendant." *Id.* at 470, 585 A.2d at 1024. "A publication is defamatory if it is intended to harass the reputation of another so as to lower him or her in the estimation of the community or if it tends to deter third persons from associating or dealing with him or her." *Walker, supra* at 243, 634 A.2d at 240. Upon thorough examination of plaintiff's complaint, this court is unable

to locate any suggestion that there was the requisite element of a publication of a defamatory statement.

In addition, we find that the plaintiff has failed to adequately plead that either her reputation was lowered in the estimation of the community or that third persons were deterred from associating or dealing with her. Therefore, we are granting the defendants' preliminary objection dismissing Count II of plaintiff's complaint. Plaintiff and her counsel are hereby granted 20 days to amend their complaint within the confines of this opinion or alternatively to proceed without the stricken count.

Defendants further argue that Count II of plaintiff's complaint should be dismissed because the existence of statutory remedies in PHRA, 43 P.S. §962, preempt the tort action of defamation. In support of their argument, defendants direct this court's attention to *Jacques, supra,* which stands for the proposition that when the statute in question provides specific remedies for its violation, then it preempts tort claims for the same action.

In response to defendants' above argument, plaintiff concedes that Pennsylvania law requires an individual seeking relief to exhaust available remedies before she may obtain judicial review. Additionally, plaintiff argues that she has followed the proper procedures as outlined under PHRA §962(c), which provides the procedures to filing a suit based upon age discrimination in the court of common pleas. Finally, plaintiff maintains that nowhere does the PHRA state that when a matter is cross-filed with the PHRC and EEOC does the complainant have to exhaust both administrative forums before she can pursue the matter in the court of common pleas.

We agree with plaintiff. To start, "[t]he doctrine of exhaustion of administrative remedies is founded on

judicial recognition of the mandate of the legislature that statutorily prescribed remedies are to be strictly pursued." *Ohio Casualty Group v. Argonaut Insurance Co.,* 514 Pa. 430, 435, 525 A.2d 1195, 1197 (1987). (footnote omitted) Furthermore, the Pennsylvania Supreme Court stated that "our case law reinforces the rule that a party seeking relief must exhaust available administrative remedies before he may obtain judicial review." *Id.* at 435-36, 525 A.2d at 1197.

In order to determine whether plaintiff has successfully followed proper administrative procedures, this court is guided by PHRA §962(c) which mandates the procedures to filing a suit based on age discrimination. This section states the following:

"If within one year after the filing of a complaint with the commission, the commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the commission must notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this Act."

We find the above-cited statute clearly resolves the issue, that is, plaintiff has followed proper procedure in filing her current complaint. The operative words of PHRA §962(c) state that if a complaint is dismissed by the PHRC, then the complainant shall be able to bring an action for age discrimination in the court of common pleas. Instantly, the facts here demonstrate that the PHRC dismissed plaintiff's complaint on October 1, 1997. Subsequent to this dismissal, plaintiff properly followed the procedure under PHRA §962(c) and filed this complaint on January 26, 1998. Therefore, we hold that plaintiff's current complaint properly fol-

lowed the provisions under PHRA §962(c) and thus is not preempted.

## Issue V: Whether 43 P.S. §962(c) Bars Plaintiff's Claim for All Wages, Benefits and Other Monetary Claims

In order to dispose of this issue, this court must first examine the statute in dispute and its application to the case at hand. 43 P.S. §962(c) states that "[b]ack pay liability shall not accrue from a date more than three years prior to the filing of a complaint charging violations of this Act." When confronted with the issue of determining the application of 43 P.S. §962(c)'s limitation, the United States District Court of the Middle District of Pennsylvania maintained that "[c]alling this a limitation is a misnomer. Rather, it states a limit as to the period of time prior to filing of a complaint for which back pay may be awarded. Thus, a three-year 'cap' does not preclude back pay in this case for the period between termination of employment . . . and the date of this memorandum and order, which is a period of approximately three years, five and one half months." *Gallo v. John Powell Chevrolet Inc.*, 779 F. Supp. 804, 812 (M.D. Pa. 1991).

The language of the statute clearly mandates that back pay shall not accrue more than three years prior to the filing of a complaint which charges violations under the PHRA. In the present case, plaintiff was terminated on October 27, 1994 and filed her initial complaint with the PHRC on April 20, 1995. This complaint was filed within one year of the charged violation and, therefore, was well within the three-year limitation as provided under 43 P.S. §962(c). Despite the fact that the present complaint filed before this court was not until January 26, 1998, which is after the three-year

limitation, we hold that the plaintiff has met the requirement of 43 P.S. §962(c). We base our holding on the fact that the statute requires that only a complaint be filed alleging a violation of the PHRA within three years, and does not state that the state court complaint must fit within this time frame. We hold that the plaintiff's initial complaint filed on April 20, 1995 with the PHRC satisfies the requirement of filing within three years. Therefore, we are denying defendants' preliminary objection attempting to bar plaintiff from recovering back pay.

## CONCLUSION

In sum, this court holds that when viewing all facts set forth in the complaint as true, there were five issues before this court which were ripe for disposition. We hold that defendants' preliminary objections are granted in part and denied in part, in a manner consistent with this opinion. Specifically, we hold the following issues: (1) Defendants' preliminary objection seeking to dismiss the plaintiff's complaint for failing to allege sufficient fact to set forth a cause of action for discrimination is denied; (2) Defendants' preliminary objection to dismiss plaintiff's demand for a jury trial under the PHRA is granted; (3) Defendants' preliminary objection attempting to dismiss paragraph 30(a) of plaintiff's complaint is denied; (4) Defendants' preliminary objection to dismiss Count II of plaintiff's complaint is granted with possibility of plaintiff amending her complaint within 20 days of this opinion or alternatively to proceed without the stricken count; (5) Defendants' preliminary objection to bar plaintiff from recovering back pay is denied.

Based on our holding, we need not address any other issues raised by either the plaintiff or defendants in

their respective preliminary objections because they are rendered moot. For these reasons and those stated above, the defendants' preliminary objections are denied in part and granted in part and the parties are to proceed in a manner consistent with this opinion. An appropriate order follows.

## ORDER

And now, to wit, January 4, 1999, it is hereby ordered that the preliminary objections raised by the defendants concerning Issues I, III, and V are denied. Defendants' preliminary objections raised in Issues II and IV are granted, while allowing plaintiff the opportunity to amend Issue IV (Count II) within 20 days of this opinion or alternatively to proceed without the stricken count. All other preliminary objections raised by either defendants or plaintiff are rendered moot.

The parties to this action are further ordered to proceed in this case in a manner consistent with this opinion.