## Petrini v. Nemeth

C.P. of Monroe County, No. 9797 CIVIL 2012.

*Kenneth R. Petrini*, for plaintiff.
*Jeffrey G. Velander*, for defendant.

WILLIAMSON, *J.*, March 13, 2013—Plaintiff commenced this action by filing a complaint on November 26, 2012. Defendant filed preliminary objections to the complaint, and on December 21, 2012, plaintiff filed an amended complaint. Defendant filed the instant preliminary objections to the amended complaint on January 9, 2013, and a brief in support thereof on February 22, 2013. Plaintiff filed a brief in opposition to defendant's preliminary objections on March 1, 2013. Oral argument was heard on March 4, 2013. We are now ready to dispose of the preliminary objections.

In his amended complaint, plaintiff alleges that he had an interpersonal relationship with the defendant from November 10, 2002 until February 20, 2011, which included a period of marriage from December 2003 until March 2006. For two years after their divorce, plaintiff paid defendant support in the amount of $2500 per month as part of their divorce settlement. Plaintiff further alleges that he and defendant began their most recent relationship in November 2009 which lasted until February 20, 2011. On or about December 8, 2010, defendant called plaintiff just before noon and asked him for further financial support, which plaintiff agreed to provide in recognition of an ongoing relationship. Plaintiff alleges that he conditioned the assistance upon the two of them remaining in a relationship. On or about December 10, 2010, plaintiff delivered defendant a check of $30,000, and told her that he was giving her the check because plaintiffs support to defendant in their post-nuptial agreement had been $2,500 per month, and he was willing to continue that as long as they were together. The $30,000 was meant to cover 2011's monthly payments. Plaintiff alleges that defendant did not object to the conditions or terms of the check. After February 20, 2011, defendant ceased all contact with plaintiff.

In count I of the amended complaint, plaintiff alleges that the defendant failed to meet an essential condition of a conditional gift and/or failed to do what was required to vest an incomplete gift. In count II, plaintiff alleges that defendant breached her consideration of her contract with plaintiff when she unilaterally terminated their relationship. In count III, plaintiff alleges that defendant

fraudulently obtained funds from plaintiff. In count IV[1], plaintiff alleges that he has been unable to retrieve certain items that were left at defendant's residence because she unilaterally and without notice terminated the relationship and will not respond to his attempts at communication.

The defendant's preliminary objections are pled as follows:

1. Demurrer for legal insufficiency as to count I of the amended complaint.

2. Motion for a more specific complaint as to counts I and II of the amended complaint.

3. Demurrer for Legal Insufficiency as to entire Amended Complaint for Illegality Purpose.

4. Motion for a more specific Complaint as to Count III of the Amended Complaint.

## DISCUSSION

In ruling on preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Worth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinions." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

---

1. Plaintiff's amended complaint lists two count III's. For the purposes of this opinion, we will refer to the second as count IV.

## I. Demurrer for Insufficiency of Pleading Pursuant to Pa.R.C.P. 1028(a)(4)

Defendant's first preliminary objection is couched in the language of a demurrer for insufficiency of pleading. A demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought. *Morgan v. McPhail*, 672 A.2d 1359 (Pa. Super. 1996). If there is any doubt, it should be resolved by overruling the demurrer. *Mellon Bank N.A. v. Fabinyi*, 650 A.2d 895 (Pa. Super. 1994). Sometimes, the standard of review for a demurrer is understood in terms of a prima facie case. *Weber v. Bell Telephone Company*, 203 A.2d 554, 556 (Pa. 1964).

Simply put, defendant asserts that count I of the amended complaint does not set forth a cause of action because the mere providing of a gift by one person to another with the hope of currying favor with that person, in the absence of a specific promise to marry, does not constitute a conditional gift which is recoverable by the donor.[2] Plaintiff specifically pled, in paragraph 9 of the amended complaint, "[p]laintiff responded that he would help, *not in order to curry favor* for anything additional, but in recognition of an ongoing relationship." (Amended compl. ¶9)(emphasis added). Furthermore, this court is unaware of any legal precedent which indicates conditional gifts can only be made in contemplation of marriage.

In count I of the amended complaint, plaintiff alleges

---

2. Defendant's brief also seeks a demurrer as to count II, but does not plead the same in her preliminary objections. Therefore, a demurrer as to count II will not be discussed in this opinion.

that he made a conditional gift in the form of a $30,000 check to defendant with the condition being their continued relationship. In paragraph 10 of the amended complaint, plaintiff alleges, "[p]laintiff did not ask Defendant to change their then-current relationship in order to provide assistance, instead merely *conditioning the assistance upon them remaining in their then-current status*." (Amended compl. ¶10)(emphasis added). Also, in paragraph 16 of the amended complaint, plaintiff alleges "[p]laintiff told Defendant that he was willing to provide her with $2500 in assistance per month *while they were together*." (Amended compl. ¶16)(emphasis added).[3] In paragraphs 17 and 18 of the amended complaint, plaintiff alleges that defendant did not object to the conditions and acknowledged the conditions by cashing the check. In paragraphs 26 and 28 of the amended complaint, plaintiff alleges that their relationship ended in February, and that plaintiff continued throughout 2011 to attempt to retain the relationship, but his attempts were refuted.

Accepting these allegations as true, we find that plaintiff has pled that the condition of the $30,000 gift was that plaintiff and defendant remain in a relationship. Plaintiff has also pled that the defendant failed to meet the essential condition of the gift when she ended the relationship. In order for demurrer to be sustained, it must be clear on the face of the amended complaint that the law will not permit the recovery sought. Therefore, defendant's first preliminary objection is overruled.

---

3. We note that the plaintiff prepaid a full year of payments for 2011 by paying $30,000 on December 10, 2010.

## II. Motion for a More Specific Complaint Pursuant to Pa.R.C.P. 1028(a)(3)

Defendant's second preliminary objection asks this court to dismiss plaintiff's amended complaint for lack of specificity, or in the alternative, direct plaintiff to file an amended complaint which specifically avers statements and actions which plaintiff contends comprise the "relationship" between plaintiff and defendant.

The pertinent question, under Pa.R.C.P. 1028(a)(3), is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense," or "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sough so that he may know without question upon what grounds to make his defense." *Ammlung v. City of Chester*, 302 A.2d 491, 498 n.36 (Pa. Super. 1973) (quoting 1 Goodrich-Amram §1017(b)-9).

Defendant argues that in order to defend this action, she must know precisely what plaintiff's ideas are with respect to their "relationship", and asks that the plaintiff set forth the specifics of their relationship from November 2009, until May 2011. Plaintiff argues that the amended complaint clearly defines the "relationship" in paragraphs 38 and 39 as a non-intimate, exclusive relationship.

Counts I and II of the amended complaint allege a failure to meet a condition and a breach of contract. The condition and the contract both require the plaintiff and defendant to be in a relationship. It is not clear on the face of the amended complaint, however, just exactly what that relationship entails. "Clarity is particularly important

where an oral contract is alleged." *Pennsy Supply, Inc. v. American Ash Recylcing Corp.*, 895 A.2d 595, 600 (Pa. Super. 2006). In order for the defendant to be able to properly defend this action, she must know what plaintiff means by "relationship." Paragraphs 38 and 39 of the amended complaint are barely enlightening in this regard. Paragraph 38 states, "[d]efendant's consideration for the contract was her continuation of their then-current, non-intimate relationship." (Amended compl. ¶38). Paragraph 39 is even less informative, because it merely states, "[s] uch a contract is not against public policy as it was not a contract for sexual services, plaintiff and defendant not having been intimate for over a year at the time of the contract." (Amended compl. ¶39). A non-intimate relationship has many different connotations. Therefore, defendant's second preliminary objection is sustained. Plaintiff shall amend his amended complaint to let Defendant know what he considered to be the requirements of the "relationship", so that defendant will be able to respond to his claims. Defendant's second preliminary objection is sustained.

### III. Demurrer for Insufficiency of Pleading Pursuant to Pa.R.C.P. 1028(a)(4)

Defendant's third preliminary objection seeks to dismiss the amended complaint due to illegal purpose. Defendant argues that plaintiff implies in the amended complaint that plaintiff considered the payment to defendant to be in exchange for her being physically intimate with him. Obviously, such a condition or contract would be unenforceable.

Illegality of a contract is an affirmative defense which shall be pleaded by way of new matter, and cannot be raised by way of preliminary objections. *DeAngelis v. Laughlin*, 258 A.2d 615 (Pa. 1969). It is premature for defendant to raise illegality at this stage. Therefore, defendant's third preliminary objection is overruled.

### IV. Motion for a More Specific Complaint Pursuant to Pa.R.C.P. 1028(a)(3)

Defendant's fourth preliminary objection asks the court to dismiss count III[4], or in the alternative, direct the plaintiff to file an amended complaint which specifically avers the statements and actions which plaintiff contends constitutes fraudulent conduct on the part of the defendant.

Pa. R.C.P. 1019(b) requires all claims of fraud to be plead with specificity. "Fraud must be averred with particularity by the following elements: (1) a misrepresentation; (2) a fraudulent utterance of it; (3) the maker's intent that the recipient be induced thereby to act; (4) the recipient's justifiable reliance on the misrepresentation; and (5) damage to the recipient proximately caused." *Selvin v. Kelshaw*, 611 A.2d 1232, 1236 (Pa. Super. 1992). In this case, plaintiff has averred the necessary elements with specificity.

Plaintiff avers the necessary elements of fraud in paragraphs 50 through 53.

50. At the time defendant accepted money from plaintiff

---

4. Defendant's preliminary objections to the amended complaint refer to count II as alleging fraud, even though defendant's brief properly refers to count III as alleging fraud.

in December 2010, defendant, by her actions and words in seeking funds from plaintiff, in light of her prior statements regarding assistance, and in her silence in the face of plaintiff's statements, misled plaintiff into believing plaintiff and defendant were in a long-term and exclusive relationship and capitalized on that fact to extract funds for [sic] plaintiff.

51. Defendant knew at the time she asked for money in December 2010 that she intended to terminate her relationship with plaintiff.

52. Defendant concealed the truth of her intent to terminate her relationship with plaintiff from plaintiff in order to defraud him and to induce him to provide her with funds.

53. As a result of defendant's fraud, plaintiff delivered a check for $30,000 to plaintiff on or about December 10, 2010.

Amended compl. ¶50-53).

The facts alleged by the plaintiff, in regards to the defendant's fraudulent conduct, are pled with the required amount of specificity. As a result, defendant's fourth preliminary objection is overruled.

## ORDER

And now, March 12, 2013, after consideration of the preliminary objections of defendant, and following oral argument, it is ordered as follows:

1. Defendant's first and third preliminary objections in the nature of demurrers are overruled.

2. Defendant's second preliminary objection in the nature of a motion for a more specific complaint is sustained.

3. Defendant's fourth preliminary objection in the nature of a motion for a more specific complaint is overruled.

4. Plaintiff shall have 20 days in which to file an amended complaint.